796 So.2d 87 (2001)
STATE of Louisiana, Appellee,
v.
Dewey CRAYTON, Appellant.
No. 34,990-KA.
Court of Appeal of Louisiana, Second Circuit.
September 26, 2001.
*88 Louisiana Appellate Project by Peggy J. Sullivan, Monroe, Michael J. Vergis, Shreveport, Counsel for Appellant.
Richard Ieyoub, Attorney General, Paul J. Carmouche, District Attorney, J. Thomas Butler, John Ford McWilliams, Jr., Assistant District Attorneys, Counsel for Appellee.
Before BROWN, CARAWAY and KOSTELKA, JJ.
KOSTELKA, J.
An 11-1 jury found Dewey Crayton ("Crayton") guilty as charged on one count of distribution of cocaine, La. R.S. 40:967. After his adjudication as a second felony offender, the trial court imposed the minimum sentence of fifteen years at hard *89 labor without benefit of probation or suspension of sentence.[1] On appeal, Crayton argues that the evidence was insufficient to convict him and that the predicate offense underlying his habitual offender adjudication was infirm. We affirm.

FACTS
On March 18, 1999, Crayton sold fifty dollars worth of crack cocaine to undercover agent, deputy sheriff Roderick J. Perry ("Perry"), at Crayton's residence, while Perry was accompanied by a confidential informant. Although no arrest was made at that time, when deputies executed a search warrant for Crayton's residence on April 23, 1999, Perry readily identified Crayton as the individual who sold him the cocaine on March 18th. Crayton was then arrested and charged.

DISCUSSION
Crayton first argues that the evidence was insufficient to identify him as the perpetrator of the March 18, 1999 drug sale.
The standard of appellate review for a sufficiency-of-the-evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). When the defendant claims that he is not the person who committed the crime, the Jackson rationale requires that the state negate any reasonable probability of misidentification in order to carry its burden of proof. State v. Hunter, 33,066 (La.App.2d Cir.09/27/00), 768 So.2d 687. To convict Crayton of distribution of cocaine, the state was required to prove beyond a reasonable doubt that he knowingly and intentionally distributed the cocaine. State v. Seay, 521 So.2d 1206 (La.App. 2d Cir.1988).
The only evidence of identification presented by the state was that of Perry to whom Crayton sold the cocaine. Crayton argues that Perry's limited contact with him at the time of the sale, as well as his extensive participation in undercover buy situations which exposed him to numerous other potential defendants after Crayton's arrest, created a reasonable probability of misidentification which was not negated by the state. Nevertheless, the testimony of a single undercover officer who made the drug purchase is sufficient to convict an accused charged with distribution of drugs. State v. Caldwell, 32,377 (La.App.2d Cir.09/22/99), 742 So.2d 91. Both at the time of arrest and at trial, Perry identified Crayton, without hesitation, as the person who sold him the cocaine on March 18, 1999 at a residence on Clay Street in Shreveport, Louisiana. Perry had seen Crayton inside the same residence on March 10, 1999, only eight days before the sale. It was Crayton who opened the door of the residence for Perry on March 18, 1999 and invited him in.[2] On the day of the sale, Perry was able to observe Crayton as the two engaged in a conversation regarding the drug sale. Upon reaching an agreement, Perry observed Crayton leave the house and return with a box from which he removed a packaged substance that he handed to Perry. *90 Perry later field tested the substance which crime lab tests confirmed as cocaine. Perry estimated that the entire transaction transpired over a six-minute period. Clearly, Perry's unequivocal identification of Crayton as the perpetrator of the crime, if believed by the jury, was sufficient to negate any reasonable probability of misidentification. Obviously, the jury accepted his testimony as credible evidence and rejected as implausible the possibility that Perry might have confused Crayton with another defendant. Of course, it is the function of the jury, and not that of the appellate court, to assess the credibility of witnesses. State v. Hunter, supra. When viewed in the light most favorable to the state, this identification is sufficient proof of Crayton's sale of cocaine beyond a reasonable doubt. Accordingly, we reject this argument.

Habitual Offender Adjudication
Crayton secondly complains that the trial court erred in adjudicating him a second felony offender because the predicate offense upon which the adjudication was based was constitutionally infirm. Specifically, Crayton contends that the earlier plea was invalid due to the trial court's failure to inquire as to his educational background and advise him of his right to compulsory process.
On February 14, 2000, the state filed an habitual offender bill of information charging Crayton as a second felony offender.[3] On May 12, 2000, Crayton filed a motion to quash the bill which included the claims he now raises on appeal.[4] On May 24, 2000, the trial judge denied the motion to quash and after a hearing on August 14, 2000, adjudicated him a second felony offender.
If the defendant denies the allegations of the bill of information, the burden is on the state to prove the existence of the prior guilty pleas and that the defendant was represented by counsel when they were taken. If the state meets this burden, the defendant has the burden to produce some affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. If the defendant is able to do this, then the burden of proving the constitutionality of the plea shifts to the state. The state will meet its burden if it introduces a "perfect" transcript of the taking of the guilty pleaone which reflects a colloquy between judge and defendant wherein the defendant was informed of, and specifically waived, his right to trial by jury, his privilege against self-incrimination, and his right to confront his accusers. If the state introduces anything less than a "perfect" transcript, i.e., a guilty plea form, a minute entry, an "imperfect" transcript, or any combination thereof, the judge then must weigh the evidence submitted by the defendant and by the state to determine whether the state has met its burden of proving the defendant's prior guilty plea was informed and voluntary and made with an articulated waiver of the three Boykin rights. State v. Shelton, 621 So.2d 769 (La.1993). The state's burden of proof may be met by a contemporaneous *91 record of the guilty plea proceedings, preferably by the transcript itself. Id.
In the present case, the transcript of the predicate offense guilty plea clearly shows Crayton was represented by counsel. Moreover, it qualifies as a "perfect" transcript because it reflects that Crayton was informed of and waived his rights to trial by jury, cross-examination and confrontation of witnesses and his privilege against compulsory self-incrimination. Neither Boykin, nor La.C.Cr.P. art. 556.1, Louisiana's guilty plea requirement statute, include the right to compulsory process[5] or an educational background inquiry. Indeed, in State v. Jones, 31-613 (La.App.2d Cir.04/01/99), 733 So.2d 127, writ denied, 99-1185 (La.10/01/99), 748 So.2d 434, this court upheld a predicate guilty plea underlying a fourth felony offender adjudication in which the defendant was not advised of his right to compulsory process or his right to appeal. Likewise, our brethren of the Fifth Circuit have concluded that there is no constitutional or statutory requirement that the trial court ascertain a defendant's educational level before accepting a guilty plea. State v. Boles, 99-662 (La.App. 5th Cir.11/10/99), 750 So.2d 1059. Based upon this jurisprudence, we find no procedural irregularity in the taking of the plea. Moreover, the record before us demonstrates an otherwise knowing and voluntary plea. Crayton was represented by counsel and engaged in a coherent conversation with the court regarding the advice and waiver of his rights, other consequences of his plea including the agreed-to sentence and the facts surrounding the offense. Additionally, when asked by the court about his employment, Crayton responded appropriately and with an obvious comprehension of the matter. Under these circumstances, and since Crayton has not claimed any failure to understand the consequences of his plea, we find the predicate plea to have been informed and voluntary.

CONCLUSION
For the foregoing reasons, we affirm Crayton's habitual offender adjudication as well as his conviction and sentence.
AFFIRMED.
NOTES
[1] Because the underlying offense of conviction requires that the first five years of the sentence be imposed without benefit of parole, the sentence is illegally lenient. The state has failed to raise this issue, however, and this court cannot correct this error nor remand for resentencing. State v. Fraser, 484 So.2d 122 (La.1986).
[2] Subsequently, at the time of his arrest, Crayton admitted the residence was his.
[3] Crayton's commission of the present offense when he was on probation for the predicate offense resulted in his probation revocation on January 26, 2000.
[4] Additionally, Crayton argued that the trial court's failure to determine if he had been satisfied with and adequately advised by his counsel also invalidated the plea. Because, however, he has not argued this point on appeal, we consider it abandoned. Moreover, because there is no constitutional or statutory right to a determination of satisfaction with counsel, this argument likewise has no merit.
[5] U.S. Const. amend. VI provides that the accused is entitled to compulsory process for obtaining witnesses in his favor.