# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 06-1435


**STATE OF LOUISIANA**

**VERSUS**

**CLAUDIUS FORD, JR.**


************


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT,
PARISH OF LAFAYETTE, NO. 105333
HONORABLE MARILYN CARR CASTLE, DISTRICT JUDGE


************


## JIMMIE C. PETERS
## JUDGE


************


Court composed of Jimmie C. Peters, Billy H. Ezell, and James T. Genovese, Judges.


**CONVICTION AND SENTENCED VACATED, AND REMANDED.**

**Michael Harson**
**District Attorney**
**Keith A. Stutes**
**Assistant District Attorney**
**Fifteenth Judicial District**
**Post Office Box 3306**
**Lafayette, LA 70502**
**(337) 232-5170**
**COUNSEL FOR APPELLEE:**
        **State of Louisiana**


**Alfred F. Boustany, II**
**Attorney at Law**
**Post Office Box 4626**
**Lafayette, LA 70502**
**(337) 261-0225**
**COUNSEL FOR DEFENDANT/APPELLANT:**
        **Claudius Ford, Jr.**

PETERS, J.

The defendant, Claudius Ford, Jr., pled guilty to vehicular homicide, a violation of La.R.S. 14:32.1. Thereafter, the trial court sentenced him to serve ten years at hard labor without benefit of probation, parole, or suspension of sentence. He now appeals both his conviction and sentence.

## DISCUSSION OF THE RECORD

The defendant's conviction arises from an accident which occurred on October 29, 2004, on Sixteenth Street in Lafayette, Louisiana, when his motor vehicle struck McDaniel Landry, who was riding a bicycle. The defendant, who had been smoking marijuana earlier in the day, fled the scene and was arrested later. Mr. Landry died from the injuries he sustained.

The defendant was initially charged by the State of Louisiana (state) with one count of vehicular homicide, a violation of La.R.S. 14:32.1; one count of hit-and-run driving, a violation of La.R.S. 14:100; one count of operating a vehicle while intoxicated, a violation of La.R.S. 14:98; and one count of operating a vehicle without a valid driver's license, a violation of La.R.S. 32:52. Pursuant to a plea agreement whereby the state dismissed the remaining charges, the defendant entered a guilty plea to the single count of vehicular homicide.

After the trial court sentenced the defendant, he filed a motion to reconsider his sentence wherein he stated that the trial court "failed to order [him] to participate in a court-approved substance abuse program," and that the trial court had failed to consider several mitigating factors in imposing sentence. The trial court clarified its sentence, stating that "the Court recommends the Defendant be confined to a facility where he can receive substance abuse treatment." The trial court denied the motion in all other respects. Thereafter, the defendant filed a motion to vacate his guilty plea.

After a hearing, the trial court also denied this motion. The defendant then perfected this appeal, asserting four assignments of error.

**OPINION**

***Assignment of Error Number One***

In his first assignment of error, the defendant asserts that the trial court failed to advise him during the plea proceedings that he had the right, through compulsory process, to compel witnesses to appear at his trial. This error, according to the defendant, precluded a knowing and voluntary guilty plea.

Although the defendant's right to compulsory process in a criminal proceeding is guaranteed by U.S. Const. amend. VI, an inquiry of the understanding of that right has not been required for a knowing and intelligent waiver of rights in a guilty plea proceeding. La.Code Crim.P. art. 556.1; *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969); *State v. Lane*, 40,816 (La.App. 2 Cir. 4/12/06), 927 So.2d 659, *writ denied*, 06-1453 (La. 12/15/06), 944 So.2d 1283.

However, even assuming that the trial court is required to inquire as to the defendant's understanding of the right of compulsory process, a colloquy between the trial court and the defendant is not indispensable when the record contains an affirmative showing of proper waiver. *State v. Nuccio*, 454 So.2d 93 (La.1984). Here, the record establishes that the trial court informed the defendant that he had the right to call witnesses in his defense, and that by pleading guilty he was waiving that right. However, the trial court did not inform the defendant that he had the right to *compel* these witnesses to appear as provided for in U.S. Const. amend. VI.

Although the trial court did not emphasize the right of compulsory process, the defendant's written plea agreement specifically did. In that plea agreement, signed

2

by the defendant and his attorney and entitled "**PLEA OF GUILTY/NOLO CONTENDRE**," the defendant acknowledged that he had been informed of, and understood, among other rights, "[his] right to have compulsory process to require witnesses to testify." The preprinted form also contains the notation that the defendant has a tenth grade education and can read and write. Furthermore, the defendant responded to the trial court's questions at the plea hearing by stating that he could read and write the English language, that he read the preprinted form before signing it, and that he understood its content.

Thus, we need not consider the trial court's failure to advise the defendant of his right to compulsory process because the record contains adequate evidence of his waiver of that right. Therefore, we find no merit in this assignment of error.

### *Assignment of Error Number Two*

The defendant asserts that the trial court failed to inform him that causation was an essential element of vehicular homicide and that, because of this failure, the trial court should have granted his motion to vacate his guilty plea. This error, according to the defendant, also precluded a knowing and voluntary guilty plea.

In a felony guilty plea proceeding, La.Code Crim.P. art 556.1 requires the trial court to address the nature of the charge against the defendant. Before accepting a felony guilty plea, the trial court must address the defendant "personally in open court and [inform] him of, and [determine] that he understands . . . [t]he nature of the charge to which the plea is offered." La.Code Crim.P. art. 556.1(A)(1).

Here, the state charged the defendant with the offense of vehicular homicide as defined by La.R.S. 14:32.1(A)(3). That statute specifically provides:

> A. Vehicular homicide is the killing of a human being *caused proximately or caused directly* by an offender engaged in the operation

3

of . . . any motor vehicle . . . whether or not the offender had the intent to cause death or great bodily harm, whenever any of the following conditions exists:

. . . .

(3) the operator is under the influence of any controlled dangerous substance listed in Schedule I, II, III, IV, or V as set forth in R.S. 40:964.

(Emphasis added.)

Thus, causation is an essential element of the offense.

The record of the plea proceedings establishes that the trial court informed the defendant that he was charged with vehicular homicide, but did not inform him of the nature of the charge by explaining its elements. Thus, the trial court failed to comply with its obligations pursuant to La.Code Crim.P. art. 556.1(A)(1). However, in *State v. Longnon,* 98-551, p.7 (La.App. 3 Cir. 10/28/98), 720 So.2d 825, 829, *writ denied,* 98-2969 (La. 3/19/99), 739 So.2d 781, this court concluded that because the requirement of La.Code Crim.P. art. 556.1(A)(1) "is a statutory requirement rather than a constitutional requirement (as is the requirement that the trial court inform the Defendant of the three *Boykin* rights)" it is subject to a harmless error analysis. *See also State v. Roe*, 05-116 (La.App. 3 Cir. 6/1/05), 903 So.2d 1265, *writ denied,* 05-1762 (La. 2/10/06), 924 So.2d 163; *State v. Morrison*, 99-1342 (La.App. 3 Cir. 3/1/00), 758 So.2d 283; *State v. Whiddon*, 99-1 (La.App. 3 Cir. 6/2/99), 741 So.2d 797. In reviewing the record before us, we find that the trial court's failure to comply with La.Code Crim.P. art. 556.1(A)(1) is not harmless error. The record contains nothing that would give notice to the defendant of the specific elements of the offense for which he was charged. In fact, the only other reference in the record to the nature of the offense is found in an inadequate factual basis presented by the

4

state to the trial court during the plea proceedings. That factual basis presented is as follows:

> The State would prove, on October 29th, 2004, [the defendant] was the operator of a motor vehicle in the approximate 200 block of 16th Street, in Lafayette. Also in and around that area was a bicycle being operated by McDaniel Landry.
>
> Mr. Ford collided with and struck the bicycle being maneuvered by Mr. McDaniel Landry. The impact caused Mr. Landry to travel across the top of the defendant -- Mr. Ford's vehicle. He landed face down in the roadway about 25 feet away.
>
> Mr. Ford was -- had been smoking marijuana and was smoking marijuana at the time of the crash. This, he admitted to Officer Chad Fontenot. Mr. Landry died as a result of the injuries that were suffered during the course of this accident.
>
> . . . .
>
> No question that the accident was proximately caused by the operation of that motor vehicle while he was under the influence of marijuana.

This factual basis established only that an accident involving the defendant and the victim occurred on October 29, 2004, and that the victim died as a result of the injuries he sustained therein. It is silent as to the *particulars* of the accident and does not impart knowledge of the elements of the offense to the defendant. That is to say, the record contains nothing to suggest who *caused the accident*.[1] As pointed out by the defendant on appeal, this factual basis coupled with the trial court's failure to inquire into his understanding of the nature of the charge would lead the defendant to conclude that he was guilty of vehicular homicide by having been involved in an accident which resulted in a fatality after having smoked marijuana sometime in the immediate past. Such an understanding does not address who *caused* the accident as is a required element of La.R.S. 14:32.1.

---

[1]The last comment of the state concerning causation is nothing more than an unsubstantiated conclusion if based on the factual basis presented.

We find merit in this assignment of error. The noncompliance with La.Code Crim.P. art. 556.1(A)(1) requires that we vacate the defendant's conviction and sentence and remand this matter to the trial court for further proceedings.

### *Assignments of Error Number Three and Four*

Both of these assignments of error address the sentence imposed. Because we have found merit in the defendant's second assignment of error and have vacated his conviction and sentence, we need not consider these assignments of error.

## DISPOSITION

For the foregoing reasons, we vacate the defendant's conviction and sentence and remand this matter to the trial court for further proceedings.

**CONVICTION AND SENTENCED VACATED, AND REMANDED.**