974 So.2d 203 (2008)
STATE of Louisiana, Appellee
v.
Johnathan Matthew KENNEDY, Appellant.
Nos. 42,850-KA, 42,851-KA.
Court of Appeal of Louisiana, Second Circuit.
January 9, 2008.
*205 Louisiana Appellate Project, by Annette F. Roach, for Appellant.
J. Schuyler Marvin, District Attorney, John M. Lawrence, Michael O. Craig, Assistant District Attorneys, for Appellee.
Before WILLIAMS, STEWART and. DREW, JJ.
STEWART, J.
The defendant, Johnathan Matthew Kennedy, was convicted of one count of attempted aggravated rape and one count of attempted aggravated incest. He was sentenced to 35 years' imprisonment at hard labor on the count of attempted aggravated rape and 10 years' imprisonment at hard labor on the count of attempted aggravated incest. The defendant now appeals. For the reasons that follow, we affirm the defendant's conviction and sentence.

FACTS
On February 23, 2005, the district attorney filed a bill of information charging the defendant with one count of aggravated rape of one M.G., whose date of birth is March 22, 1992. The case was assigned docket number 133,134. On February 25, 2005, the same district attorney filed a bill of information charging the same defendant with one count of aggravated incest of his niece R.L., whose date of birth is April 12, 1995. The case was assigned docket number 133,130. According to the transcript of the plea agreement, defendant was also charged with two additional counts of aggravated rape and one additional count of aggravated incest under separate charging instruments.
On June 12, 2006, the defendant pled guilty to one count of attempted aggravated rape under docket number 133,134, and one count of attempted aggravated incest under docket number 133,130. In exchange, the state agreed to dismiss the additional charges and to a sentencing cap of 50 years on both charges. The plea colloquy in this case verifies that the defendant was represented by counsel and that the court informed him of his Boykin
jrights-the constitutional right against self-incrimination, his right to a judge or jury trial, his right to an appeal in the event of a conviction, his right to cross-examination of witnesses and compulsory process of witnesses. The judge asked the defendant whether he understood these rights, and the fact that he was waiving them by entering a guilty plea to which the defendant responded affirmatively. The judge also asked the defendant whether the guilty plea was the result of any threats or promises.
As to a factual basis for the plea, the following exchange took place:
The Court: Mr. D.A., would you please state the facts for the record?
Mr. Craig: I will, Your Honor, as to the Attempted Aggravated Incest, on or about the dates between January 1, 1999, and November 28, 2004, Mr. Kennedy did attempt to commit incest on his step-daughter, one M.G., whose date of birth is March 22, 1992, by rubbing his penis on her vagina with the intent to satisfy sexual desires. This occurred on Crystal Street in Haughton, Louisiana all within the confines of Bossier Parish, Louisiana in violation of 14:78.1. As to the Attempted Aggravated Rape, Mr. Sullivan did attempt to commit the act of Aggravated Rape between the dates of December 1, 2002 and November 31, 2004, on one, B.S. whose date of birth is September 10, 1998, by attempting to penetrate her vaginally in violation of Louisiana Revised *206 Statute 14:42, this occurred on Thunderbird Lane in Bossier City, Bossier Parish, Louisiana.
Mr. Frederick: Your Honor, if I may, as to the second charge, the D.A. mistakenly said Mr. Sullivan instead of Mr. Kennedy, just to clear the record.
Mr. Craig: I'm sorry, it was Mr. Kennedy the victim was a B.S.
The Court: All right. Mr. Kennedy, you have heard that statement of facts by the Assistant District Attorney are those facts in each case substantially correct?
Mr. Kennedy: Yes, sir.
The factual basis presented by the state does not correspond to the charges asserted in the bills of information, since the victim B.S. is not one of the victims in either case. Furthermore, M.G. was the victim in docket number 133,134, in which the defendant was charged with aggravated rape, while the state recitation indicates that his conduct regarding M.G. served as the factual basis for the guilty plea to the charge of attempted aggravated incest.
The pleas were then accepted and the trial court ordered pre-sentence investigations to be prepared in relation to each conviction. Before recessing, the trial court allowed a "Ms. Sullivan" (apparently B.S.'s mother) to speak to the court about the effect that the defendant's actions, presumably in relation to B.S. referred to in the recitation of facts, has had on her and her daughter. She related that she has required hospitalization, that both she and her daughter have been in counseling and that her daughter has struggled in school.
Prior to imposing sentence, the trial court reviewed a pre-sentence investigation (PSI) report which provided extensive details of the defendant's social history and the facts of the case. The report indicated that the defendant had been having improper sexual contact with his stepdaughter, M.G., from the time she was about 5 years of age until she was 12, when she reported the abuse. This time period included two years following the death of M.G.'s biological mother. Lastly, the report indicated that the defendant admitted the conduct upon his arrest including that he had performed oral sex upon his stepdaughter several times. Theizeport also indicated that the defendant had improper conduct with R.L., the defendant's then 8-year-old niece, by rubbing her "private" on the outside of her clothes and by rubbing her breasts.
Lastly, the report identified a third victim, B.S., of the defendant's abuse. The defendant and B.S.'s mother, T.S., lived together off and on between 2003 and late 2004. Consequently, the defendant would be left to babysit the children on occasion. B.S. reported that the defendant had rubbed her breast, touched her "private between her legs" and touched her leg with the "thing" that boys have. The report indicated that the defendant had given a statement admitting to the alleged conduct with both R.L. and B.S.
The matter came for sentencing on October 31, 2006. During the hearing, the judge repeatedly referred to one of the convictions as being for the crime of aggravated incest and not attempted aggravated incest. In imposing sentence the court noted the particularly egregious nature of the conduct towards M.G. in the aftermath of her mother's death and noted that the defendant took advantage of his position as stepfather of the victim. The court stated its opinion that a lesser sentence would deprecate the seriousness of the offense. After a discussion of the mitigating and aggravating factors, the trial court sentenced the defendant to 35 years' imprisonment at hard labor without the benefit of probation, parole or suspension *207 of sentence on the charge of attempted aggravated rape and to 10 years' imprisonment at hard labor on the charge of attempted aggravated incest, both sentences to run consecutively. At the conclusion of the hearing, defendant's counsel entered an objection to the "Court's finding of the mitigating factors" and the excessiveness of the sentences.
Kennedy has appealed, urging through counsel that his guilty pleas were not knowingly and intelligently entered as a result of the court's failure to inform him of the nature of the offenses to which he was pleading guilty. Defendant also appeals his sentences on the basis that the trial court improperly considered a victim impact statement from a non-victim and that he was sentenced for the crime of aggravated incest instead of attempted aggravated incest.

DISCUSSION
Validity of Guilty Plea
The defendant argues that the trial court's failure to advise him of the nature of the charges to which he was entering guilty pleas and the flawed recitation of the factual basis by the state warrant setting aside the defendant's guilty pleas on both counts.
A valid guilty plea must be a free and voluntary choice by the defendant. A guilty plea will not be considered free and voluntary unless, at the very least, defendant was advised of his constitutional rights against self-incrimination, to a trial by jury and to confront his accusers. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). An express and knowing waiver of those rights must appear on the record, and an unequivocal showing of a free and voluntary waiver cannot be presumed. Boykin, supra; State v. Keener, 41,246 (La.App. 2d Cir.8/23/06), 939 So.2d 510; State v. Morrison, 599 So.2d 455 (La.App. 2d Cir.1992).
A plea of guilty normally waives all non-jurisdictional defects in the proceedings prior to the plea, including insufficiency of the evidence. State v. Crosby, 338 So.2d 584 (La.1976); State v. Stephan, 38,612 (La.App. 2d Cir. 08/18/04), 880 So.2d 201. A validly entered guilty plea, or plea of nolo contendere, waives any right a defendant might have had to question the merits of the state's case and the factual basis underlying the conviction. State v. Bourgeois, 406 So.2d 550 (La. 1981); State v. Hardy, 39,233 (La.App. 2d Cir.01/26/05), 892 So.2d 710.
Furthermore, there is no requirement that a guilty plea even be accompanied by the recitation of a factual basis for the crime. State v. Griffin, 633 So.2d 358 (La.App. 1st Cir.1993), writ denied, 94-0240 (La.10/14/94), 643 So.2d 157. "[T]he due process clause imposes no constitutional duty on state trial judges to ascertain a factual basis prior to accepting a guilty plea. . . . Louisiana law, unlike [federal law] has no statutory provision requiring accompaniment of a guilty plea by the recitation of a factual basis." Id. at 360, quoting State v. Perry, 515 So.2d 654 (La.App. 3d Cir.1987).
La. C. Cr. P. art. 556.1 provides that prior to accepting a guilty plea, the court must personally inform defendant of the nature of the charge to which the plea is offered, any mandatory minimum penalty and the maximum possible penalty. The test for the validity of a guilty plea does not depend upon whether or not the district court specifically informed the accused of every element of the offense. Rather, the defendant must establish that he lacked awareness of the essential nature of the offense to which he was pleading. State v. Forrest, 04-43 (La.App. 5th *208 Cir.5/26/04), 876 So.2d 187. Violations of Article 556.1 that do not rise to the level of Boykin violations are subject to the harmless error analysis. State v. Ford, 02-1394, 02-1642 (La.App. 4th Cir.4/16/03), 846 So.2d 98, writ denied, 03-1401 (La.11/26/03), 860 So.2d 1132. The proper inquiry is whether the defendant's knowledge and comprehension of the full and correct information would have likely affected his or her willingness to plead guilty. State v. Forrest, supra; State v. Haywood, 00-1584 (La.App. 5th Cir.3/28/01), 783 So.2d 568.
The attempt statute, La. R.S. 14:27, provides, in part:
A. Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.
Louisiana Revised Statutes 14:78.1, in the relevant parts, provides:
A. Aggravated incest is the engaging in any prohibited act enumerated in Subsection B with a person who is under eighteen years of age and who is known to the offender to be related to the offender as any of the following biological, step, or adoptive relatives: child, grandchild of any degree, brother, sister, half-brother, half-sister, uncle, aunt, nephew, or niece.
B. The following are prohibited acts under this Section:
. . . .
(2) any lewd fondling or touching of the person of either, the child or the offender, done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child, the offender, or both.
Accordingly, to support a conviction for attempted aggravated incest, the State is required to prove that the defendant specifically intended to engagel in an act listed in Subsection B of La. R.S. 14:78.1 with a person who is under 18 years of age and who is known to the offender to be related to the offender as a biological, step, or adoptive child, grandchild of any degree, brother, sister, half-brother, half-sister, uncle, aunt, nephew, or niece.
The crime of aggravated rape is defined in La. R.S. 14:42, which prior to amendment by 2003 La. Acts, No. 795, § 1, provided, in part, as follows:
A. Aggravated rape is a rape committed . . . where the anal, oral or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances:
* * *
4. When the victim is under the age of twelve years. Lack of knowledge of the victim's age shall not be a defense.
After its amendment, the absence of lawful consent was extended to any victims under the age of 13. Accordingly, to support a conviction for attempted aggravated rape, the State is required to prove that the defendant specifically intended to engage in anal, oral or vaginal sexual intercourse with a victim under the age of 12 prior to August 15, 2003, or under the age of 13 years of age after August 15, 2003.[1]
*209 In the instant case, the trial court informed defendant that he was pleading guilty to one count of attempted aggravated rape and one count of attempted aggravated incest. The trial judge personally questioned defendant regarding the waiver of his Boykin rights. When the trial court asked the prosecutor for a factual basis for the pleas being entered, the prosecutor stated that the defendant had rubbed his penis on the vagina of his stepdaughter, M.G., while she was between the ages of 6 and 12 with the intent to satisfy sexual desires. The state also indicated that the defendant had attempted to vaginally penetrate another victim, B.S., when she was between the ages of 4 and 6. The defendant admitted to this recitation of the facts by the State. Defendant, who was represented by counsel at the time of his plea, did not complain that he did not understand the charges against him.
It is clear from the recitation of facts presented by the state that defendant was admitting to conduct which was adequate to support convictions of attempted aggravated incest and attempted aggravated rape, the charges to which he pleaded guilty. By admitting that between January 1, 1999, and November 28, 2004, he had attempted to rub "his penis on [his under 18-year-old stepdaughter's] vagina with the intent to satisfy sexual desires," defendant admitted to the essential elements of the crime of attempted aggravated incest. By admitting to attempting to penetrate B.S. (d/o/b 9/10/98) vaginally between December 1, 2002 and November 31, 2004, defendant admitted to the essential elements of the crime of attempted aggravated rape. It is equally clear, on the other hand, that the facts recited were not those forming the basis of the charged offenses in the bills of information pursuant to which the convictions were obtained.
The case of State v. Ford, 06-1435 (La. App. 3d Cir.4/4/07), 954 So.2d 876, relied on by the defendant is distinguishable. As part of a plea agreement, Ford pleaded guilty to a single count of vehicular homicide, defined for the purposes of Ford's alleged conduct as "the killing of a human being caused proximately or caused directly by an offender engaged in the operation of . . . any motor vehicle . . . whenever . . the operator is under the influence of any controlled dangerous substance." The trial court did not inform the plaintiff of the nature of the offense and the factual basis recited by the state only established that an accident involving the defendant, who had been smoking marijuana, and the victim occurred on October 29, 2004, and that the victim died as a result of the injuries he sustained therein. The state recited no particulars as to the cause of the accident, a required element of the offense of conviction. Accordingly, the trial court concluded that this "inadequate" factual basis could have "[led] the defendant to conclude that he was guilty of vehicular homicide by having been involved in an accident which resulted in a fatality after having smoked marijuana sometime in the immediate past." Id. at 880.
In the present case, the state's recitation of facts is more properly categorized as imprecise as opposed to inadequate. Stated another way, the conduct admitted to by the defendant was adequate to support the convictions pleaded to although not accurate as to the victim named in the bill of information which initiated the proceeding in which the plea was obtained. While this reflects sloppy presentation of the plea by the state, it does not establish a lack of awareness as to the nature of the offense charged.
In light of his admission to conduct which would support a conviction of each of the offenses to which the defendant *210 pleaded guilty, this record does not indicate that the defendant lacked awareness of the essential nature of the offenses to which he was pleading. At best, the record establishes that the court failed to inform defendant of the nature of the charges in violation of the requirements of La. C. Cr. P. art. 556.1 and that the court failed to inquire into whether his attorney had explained the nature of the offenses to him.
Because the defendant did not file a motion to withdraw his guilty plea before the lower court, the record lacks even a bare assertion by the defendant that he did not understand the nature of the charges. Therefore, absent any evidence to the contrary, this court cannot conclude in conducting a harmless error analysis that the trial court's noncompliance with La. C. Cr. P. art. 556.1 warrants setting aside the guilty pleas. In fact, on the record before the court, it would appear that the defendant did understand the nature of the offenses to which he was pleading guilty by admitting to the essential elements of the offenses, even if with different victims than the ones listed in the bills of information.
Therefore, we conclude that the guilty plea is not constitutionally infirm, and as such will not be set aside on this record. This assignment is without merit.
Use of Victim Impact Statement and Sentencing Errors
The defendant argues that the trial court erred in considering a victim impact statement from the mother of B.S. because B.S. was not a victim in either of the cases in which the defendant's pleas were entered. The defendant also argues that the trial court's repeated reference to "aggravated incest" instead of "attempted aggravated incest" during the sentencing hearing indicates that the defendant was sentenced for a crime he was not convicted of committing.
The state offers no argument on the admission of the impact statement from the mother of B.S. On the issue of whether the trial court sentenced the defendant for the wrong crime, the state argues that the court was fully aware of the offense of conviction as evidenced by the plea colloquy and the court's use of the inexact terminology was simply a misstatement. Furthermore, the state argues that defendant's failure to file a motion to reconsider his sentence precludes him from arguing anything other than constitutional excessiveness.
La., C. Cr. P. art. 881.1 applies to defendant's sentence. This article precludes the defendant from presenting sentencing arguments to the court of appeal which were not presented to the trial court. In such a circumstance, the defendant is simply relegated to having the appellate court consider the bare claim of constitutional excessiveness. State v. Mims, 619 So.2d 1059 (La.1993); State v. Masters, 37,967 (La. App. 2d Cir.12/17/03), 862 So.2d 1121; State v. Duncan, 30,453 (La.App. 2d Cir.2/25/98), 707 So.2d 164.
When a defendant fails to timely file a La. C. Cr. P. art. 881.1 motion to reconsider sentence the appellate court's review is limited to the bare claim that the sentence is constitutionally excessive. State v. Mims, supra; State v. Jones, 41,449 (La.App. 2d Cir.9/20/06), 940 So.2d 61; State v. Duncan, supra. Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense or shocking to the sense of justice. State v. Lobato, 603 So.2d 739 (La.1992); State v. Livingston, 39,390 (La.App. 2d Cir.4/6/05), 899 So.2d 733; State v. White, 37,815 (La.App. 2d Cir.12/17/03), 862 So.2d 1123.
*211 The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. A sentence is unconstitutionally excessive when it imposes punishment grossly disproportionate to the severity of the offense or constitutes nothing more than needless infliction of pain and suffering. State v. Smith, 01-2574 (La.1/14/03), 839 So.2d 1. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Lobato, supra. Even though a sentence is within statutory limits, it can be reviewed for constitutional excessiveness. State v. Smith, supra.
A person convicted of attempted aggravated rape may be sentenced to imprisonment at hard labor for a term of not less than 10, nor more than 50 years without benefit of parole, probation or suspension of sentence. La. R.S. 14:42(D) and 14:27(D)(1).
A person convicted of attempted aggravated incest may be sentenced to a term of imprisonment, with or without hard labor, of not less than 5 years nor more than 10 years or fined an amount not to exceed $25,000.00, or both. La. R.S. 14:78.1(D) and 14:27(D)(3).
The defendant did not file a motion for reconsideration of sentence and therefore he failed to raise the issues listed above with the trial court as required by Louisiana Code of Criminal Procedure article 881.1(A)(2). Nor did he offer an objection to either the victim impact statement or the trial court's erroneous reference to the crime of conviction. Accordingly, defendant failed to preserve these issues for review and he is limited to review on the question of constitutional excessiveness.
The defendant received a sentence of 35 years' imprisonment at hard labor without benefit of parole, probation or suspension of sentence and a sentence of 10 years' imprisonment at hard labor with both sentences to run consecutively. The first sentence was imposed for a conviction of attempted aggravated rape, defined by La. R.S. 14:2 B(13) as a crime of violence. His conduct in relation to that crime was directed at his stepdaughter over an extended period of time, including the years immediately following the death of her biological mother. Furthermore, the facts set forth in the presentence investigation appeared to fully support the original charge of aggravated rape. By agreeing to plead guilty to attempted aggravated rape the defendant received a significant benefit by reducing his sentence exposure from a minimum of life imprisonment to a maximum of 50 years' imprisonment. Not only was the sentence within the statutory range for the offense of conviction, but the defendant received only a little more than two thirds of the maximum available sentence. Considering the foregoing, the sentence given the defendant in the instant matter was not excessive.
On the conviction for attempted aggravated incest, the defendant received the maximum prison term for the offense of conviction. On this record, there is no valid claim of constitutional excessiveness. As shown by the presentence investigation report, the defendant did not recall having an abusive childhood or suffering from any other circumstance which would justify or mitigate the commission of this egregious offense. Furthermore, the report indicates that the facts fully supported the original charge of aggravated incest. Hence, by pleading to the reduced charge, defendant received a significant benefit by reducing his sentence exposure from a maximum of 20 years to a maximum of 10 years' imprisonment.
*212 These sentences are neither grossly disproportionate to the severity of the offenses of conviction nor are they shocking to the sense of justice. There is no showing of an abuse of the district court's discretion in the imposition of these sentences which, under the facts and circumstances of the case, are not constitutionally excessive.
These assignments are, therefore, without merit.

CONCLUSION
For the foregoing reasons, we affirm the defendant's conviction and sentence.
AFFIRMED.
NOTES
[1] Article 3, § 19 of the Louisiana Constitution, provides that all laws enacted during a regular session of the legislature shall take effect on August 15 of the calendar year in which the regular session is held, unless the bill designates an earlier or later effective date. No alternative date is provided in 2003 La. Acts. No. 795.