986 So.2d 227 (2008)
STATE of Louisiana, Appellee
v.
Earnest J. MINNIEFIELD, Appellant.
No. 43,300-KA.
Court of Appeal of Louisiana, Second Circuit.
June 4, 2008.
*229 Annette Roach, Louisiana Appellate Project, for Appellant.
Paul J. Carmouche, District Attorney, Jason Trevor Brown, Tommy J. Johnson, Assistant District Attorneys, for Appellee.
Before GASKINS, CARAWAY and DREW, JJ.
GASKINS, J.
The defendant, Earnest Minniefield, entered a plea of guilty to aggravated burglary and was ordered to serve 12 years at hard labor with credit for time served. The defendant now appeals, attacking the validity of his guilty plea and claiming that the sentence is excessive. For the following reasons, we affirm the conviction and sentence.

FACTS
Around 7:00 a.m. on October 7, 2006, the defendant rang the doorbell of the victim in a Shreveport neighborhood. When the 79-year-old victim came to the door, the defendant stated that he was there to do yard work. The victim told him that he had the wrong address. When the victim tried to close the door, the defendant pushed his way into the house. The defendant grabbed the victim's arm, causing him to fall to the floor. The victim suffered a cut to his arm which left a scar.
The defendant disconnected one of the phones in the house and demanded the victim's ATM card. The victim informed the defendant that he did not have an ATM card. The defendant then took money from the victim's wallet and asked for the keys to the victim's car. The victim complied and the defendant left the residence in the victim's car.
The car was found at Lakeshore Inn in Shreveport on October 27, 2006. At that time, police officers came into contact with the defendant who claimed that he rented the car from someone else. The keys to *230 the car were recovered from the toilet in the defendant's motel room.
The police placed a picture of the defendant in a six-person photo lineup and showed it to the victim. The victim identified the defendant as the man who invaded his home and took his money and car.
On October 30, 2006, the defendant came to the police station, claiming that he had more information about the person who rented the car to him. The defendant was informed that the victim had identified him in a photo lineup. The defendant admitted committing the offense, claiming that he was forced to do so by a person to whom he owed money for drugs. The defendant was arrested and charged with aggravated burglary.
On August 23, 2007, the defendant entered a plea of guilty as charged to aggravated burglary. On September 12, 2007, the defendant appeared before the court for sentencing. The court noted that the defendant was a second felony offender and ordered that he serve 12 years at hard labor with credit for time served. The defendant filed a motion to reconsider the sentence which was denied by the trial court. The defendant appealed his conviction and sentence, arguing that the trial court failed to assure that his plea was knowingly and intelligently entered. He also claimed that the sentence was excessive.

GUILTY PLEA
The defendant argues that the trial court failed to assure that the guilty plea was knowingly and intelligently entered. He claims that the trial court did not comply with La. C. Cr. P. art. 556.1(A)(1) because it failed to advise the defendant of the nature of the offense. He also asserts that the trial court did not ascertain whether the defendant had the ability to freely and knowingly waive his rights. The defendant maintains that the plea colloquy was insufficient and that the trial court failed to adequately explain the defendant's Boykin rights. Due to these alleged errors, the defendant claims that his guilty plea was not knowingly entered and should be set aside. These arguments are without merit.

Legal Principles
A valid guilty plea must be a free and voluntary choice by the defendant. A guilty plea will not be considered free and voluntary unless, at the very least, the defendant was advised of his constitutional rights against self-incrimination, to a trial by jury, and to confront his accusers. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State v. Kennedy, 42,850 (La.App. 2d Cir.1/9/08), 974 So.2d 203. An express and knowing waiver of those rights must appear on the record, and an unequivocal showing of a free and voluntary waiver cannot be presumed. State v. Kennedy, supra; State v. Hicks, 42,427 (La.App. 2d Cir.10/24/07), 968 So.2d 307.
La. C. Cr. P. art. 556.1 provides:
A. In a felony case, the court shall not accept a plea of guilty or nolo contendere without first addressing the defendant personally in open court and informing him of, and determining that he understands, all of the following:
(1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law.
...
(3) That he has the right to plead not guilty or to persist in that plea if it has already been made, and that he has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to confront and *231 cross-examine witnesses against him, and the right not to be compelled to incriminate himself.
(4) That if he pleads guilty or nolo contendere there will not be a further trial of any kind, so that by pleading guilty or nolo contendere he waives the right to a trial.
B. In a felony case, the court shall not accept a plea of guilty or nolo contendere without first addressing the defendant personally in open court and determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement.
C. The court shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the district attorney and the defendant or his attorney. If a plea agreement has been reached by the parties, the court, on the record, shall require the disclosure of the agreement in open court or, on a showing of good cause, in camera, at the time the plea is offered.
D. In a felony case a verbatim record shall be made of the proceedings at which the defendant enters a plea of guilty or nolo contendere.
E. Any variance from the procedures required by this Article which does not affect substantial rights of the accused shall not invalidate the plea.

Nature of the Charge
La. C. Cr. P. art. 556.1(A)(1) provides that, prior to accepting a guilty plea, the court must personally inform the defendant of the nature of the charge to which the plea is offered, any mandatory minimum penalty and the maximum possible penalty. The test for the validity of a guilty plea does not depend upon whether or not the district court specifically informed the accused of every element of the offense. Rather, the defendant must establish that he lacked awareness of the essential nature of the offense to which he was pleading. State v. Kennedy, supra; State v. Hicks, supra. Violations of La. C. Cr. P. art. 556.1 that do not rise to the level of Boykin violations are subject to the harmless error analysis. State v. Kennedy, supra. The proper inquiry is whether the defendant's knowledge and comprehension of the full and correct information would have likely affected his or her decision to plead guilty. State v. Kennedy, supra.
La. R.S. 14:60, defining aggravated burglary, specifies in pertinent part:
Aggravated burglary is the unauthorized entering of any inhabited dwelling, or of any structure, water craft, or movable where a person is present, with the intent to commit a felony or any theft therein, if the offender,
....
(3) Commits a battery upon any person while in such place, or in entering or leaving such place.
At the guilty plea, the prosecution stated the factual basis for the plea. According to the state, the defendant rang the doorbell of the victim. When the victim answered the door, the defendant was at the door. The victim tried to close the door, but the defendant pushed his way into the house, knocking the victim to the ground. The defendant then demanded money and the victim's car keys; the victim complied. The defendant left with the victim's car. The defendant was apprehended several days later with the victim's car and admitted that he forced his way into the victim's residence, knocking him down and taking money and the car. When the trial court asked the defendant if that statement of the facts was correct, he replied, "Yes, sir." The court asked the *232 defendant if he understood the nature of the charge of aggravated burglary and the defendant said that he did. It is clear from the recitation of facts presented by the state that the defendant admitted to conduct adequate to support his plea of guilty to aggravated burglary.
The defendant was represented by counsel and failed to complain that he did not understand the nature of aggravated burglary. He stated in court that he understood the nature of the charge against him. The defendant never filed a motion to withdraw his guilty plea on the ground that he did not understand the nature of the charge to which he was pleading guilty. The defendant fails to argue how any more explanation of the elements of the offense would have affected his willingness to plead guilty to the charge. The record indicates that he understood the nature of the charge. See State v. Hicks, supra; State v. Kennedy, supra.[1]

Background of the Defendant
The defendant claims that the trial court failed to determine whether his guilty plea was freely made because it did not inquire into his educational background, personal history, or into whether he was under the influence of drugs or alcohol at the time of the guilty plea. Neither Boykin nor La. C. Cr. P. art. 556.1 requires such an inquiry. There is no statutory or constitutional requirement that the trial court inquire into a defendant's educational level before accepting a guilty plea. State v. Crayton, 34,990 (La. App. 2d Cir.9/26/01), 796 So.2d 87.
The trial court in this case asked the defendant whether the decision to plead guilty was his; he said that it was. The trial court asked the defendant whether he was forced to plead guilty; he said that he was not. Interestingly, during the sentencing hearing, it was determined that the defendant had a GED, was teaching other inmates to read, had an electrical license, was studying for a master electrician's license, and had not used drugs during his incarceration on the present charge. Further, the defendant does not claim that he lacked sufficient education to make a knowing and voluntary plea or that his consent was vitiated by the use of drugs or alcohol at the time of the plea. The record shows that the defendant's guilty plea was knowingly and voluntarily entered.

Boykin Rights
The defendant argues that the trial court did not sufficiently explain his Boykin rights and specifically, the right of confrontation. The record fails to support this argument.
As stated above, a guilty plea will not be considered free and voluntary unless, at the very least, the defendant was advised of his constitutional rights against self-incrimination, to a trial by jury, and to confront his accusers. The Confrontation Clause of the Sixth Amendment to the United States Constitution provides that in all criminal prosecutions, the accused shall enjoy the right to be confronted with the witnesses against him. This right provides two types of protections for a criminal defendant: the right physically to face those against him and the right to conduct cross-examination. State v. Keener, 41,246 (La.App. 2d Cir.8/23/06), 939 So.2d 510.
*233 The trial court clearly questioned the defendant as to whether he understood that, by pleading guilty, he was waiving his right to trial by jury and his right to remain silent. Regarding the right of confrontation, the trial court inquired, "Do you understand, Mr. Minniefield, that by pleading guilty, you give up your right to be confronted at that jury trial by any witnesses against you as well as the right to cross-examine the witnesses and ask the witnesses questions about your case?" The defendant stated that he understood this, that he understood the constitutional rights waived by pleading guilty, and that he did not have any questions about the waiver of those rights.
The trial court's explanation of the right of confrontation covered the right to physically face his accusers and witnesses against him and the right to cross-examine the witnesses. The trial court's explanation of the defendant's Boykin rights and specifically, the right of confrontation, was sufficient. See State v. Keener, supra.

EXCESSIVE SENTENCE
The defendant contends that his sentence to 12 years at hard labor is excessive because the trial court failed to consider the defendant's criminal history, his substance abuse problem, his assistance to the victim, and the minor battery that made this offense an aggravated burglary. This argument is without merit.

Legal Principles
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App. 2d Cir.6/24/98), 715 So.2d 641. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Haley, 38,258 (La.App. 2d Cir.4/22/04), 873 So.2d 747, writ denied, 2004-2606 (La.6/24/05), 904 So.2d 728. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. There is no requirement that specific matters be given any particular weight at sentencing. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Hampton, 38,017 (La.App. 2d Cir.1/28/04), 865 So.2d 284, writs denied, XXXX-XXXX (La.3/11/05), 896 So.2d 57, 2004-2380 (La.6/3/05), 903 So.2d 452.
Second, a sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La.1/14/03), 839 So.2d 1. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, XXXX-XXXX (La.1/15/02), 805 So.2d 166.
The trial judge is given wide discretion in the imposition of sentences within the statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Williams, XXXX-XXXX (La.12/13/04), 893 So.2d 7; State v. Thompson, XXXX-XXXX (La.4/9/03), 842 So.2d 330; State v. Hardy, *234 39,233 (La.App. 2d Cir.1/26/05), 892 So.2d 710. A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. State v. Cook, 95-2784 (La.5/31/96), 674 So.2d 957, cert. denied, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

Discussion
At the sentencing hearing, the trial court heard testimony from the victim, a minister who worked with the defendant while he was incarcerated on the present charge, and from the defendant. The victim said that the defendant forced his way into his home, grabbed his arm, and forced him to the floor. The victim stated that he believed the defendant was going to kill him. He also testified that the offense caused him to feel nervous for a few months and to lose sleep. He now is more careful about answering his door and going outside to get the newspaper.
Melvin Gerard Slack, Jr., a clergyman who ministered to the defendant while he was incarcerated on the present charge, testified on behalf of the defendant. Mr. Slack stated that he thought that the defendant was trying to turn his life around.
The defendant testified on his own behalf at the sentencing hearing. He stated that he had a significant drug problem and the present offense was motivated by the fact that he owed money for drugs. The defendant admitted that he had a conviction for simple robbery in Texas in 2002, which was also motivated by the need for money to support his drug habit. In the present offense, the defendant claimed that when he saw that the victim was injured, he allowed him to wrap a towel around his arm. The defendant apologized to the victim in court and stated that he had completed several treatment programs while incarcerated.
In sentencing the defendant, the trial court noted the defendant's date of birth and considered the testimony of the victim, Mr. Slack, and the defendant. The court also reviewed several letters filed on behalf of the defendant. The court noted that the defendant had a significant cocaine habit that his employment was not sufficient to fund. The court was impressed with the programs the defendant had been involved with while incarcerated on the present offense.
The trial court was aware that the defendant had a prior felony conviction in Texas which involved a robbery and resulted in injury to another victim. The defendant served four years at hard labor for that offense. The court took into account the fact that the defendant cooperated with the police and admitted his involvement when contacted by the police. The defendant did not cause any discipline problems while incarcerated on the present offense. The court noted that the defendant could be charged as a multiple offender and would face a sentence of 15 to 30 years at hard labor. However, at the time of sentencing, the prosecution had not charged the defendant as a multiple offender. The court stated that it had intended to impose a more severe sentence, but, given all these factors, it found that a sentence of 12 years at hard labor, with credit for time served, was appropriate.
The record shows that the trial court considered and articulated all the relevant factors in imposing this sentence. The sentencing range for aggravated burglary is imprisonment at hard labor for not less than one year nor more than 30 years. La. R.S. 14:60. The sentence in the present *235 case is below the middle range for this offense. This sentence is not grossly out of proportion to the seriousness of the offense, and does not constitute the needless infliction of pain and suffering. The sentence does not shock the sense of justice and is tailored to the offender and the offense. The trial court did not abuse its discretion in the sentence imposed. The claim that the sentence is excessive is without merit.

CONCLUSION
For the reasons stated above, we affirm the conviction and sentence of the defendant, Earnest Minniefield.
AFFIRMED.
NOTES
[1] The case of State v. Ford, XXXX-XXXX (La. App. 3d Cir.4/4/07), 954 So.2d 876, cited by the defendant, is distinguishable from the present case. In Ford, the defendant was charged with vehicular homicide, but the recitation of facts failed to state that the defendant caused the accident resulting in the victim's death. In the present case, the defendant was apprised of the nature of the charge against him.