FRED W. JONES, Jr., Judge.
Defendant Stanford, charged with aggravated arson, La.R.S. 14:51, was tried by jury, convicted as charged and sentenced to six years at hard labor, two to be served without benefit of parole, probation or sus-pensión of sentence. He appealed, asserting error in the trial court’s denial of his motion for new trial and challenging the sufficiency of the evidence upon which he was convicted.[1]

Factual Context

Defendant was serving a six month sentence in the Red River Parish jail for a misdemeanor conviction. On September 14, 1989, the date of the fire, he was housed in a cell in the “juvenile section” of the jail. Another prisoner, Anthony Turner, was housed in a cell several feet down from defendant’s cell. A female prisoner was confined in the nearby “female section”.
Defendant had been having difficulty with a trustee, Ken Turner, who was allegedly refusing him drinks with his meals and was threatening to have various bodily fluids put in the meals. Defendant complained to jail officials regarding the trustee’s conduct but the action taken to correct the problem was apparently ineffective.
On September 14 when the trustee again refused defendant a drink, he began beating on the walls. Defendant informed trustee Bobby Walker and jailers Paul Huc-kaby and Charles Smith that he wanted to speak with Jail Warden, Bobby Braswell, concerning the incident with trustee Turner. He threatened to “set a fire” if his demands were not met.
While sheriff’s deputies attempted to locate Warden Braswell, someone set fire to the large quantity of paper which defendant had torn into bits, collected in his cell, then thrown out of his cell through the food tray opening. The entire area quickly filled with smoke. Defendant, Turner and the female inmate were evacuated from their cells. Defendant and Anthony Turner were placed in a holding cell together.
After the fire was extinguished the “lockdown” cells were searched but no matches or lighters were found. Anthony Turner directed jail officials to a lighter hidden inside a toilet paper roll in the holding cell. The fire damage consisted of heat and smoke damage to a footlocker, water cooler, wooden bench and the wall of the jail.

Motion for New Trial

Following defendant’s conviction, he filed a motion for new trial. He stated he had recently attempted to observe his jail cell through the fixed monitor from which jailer Smith testified he had witnessed defendant throwing paper on the fire. Due to the angle of the monitor, defendant contended it was physically impossible for Smith to see what he said he saw. He argued this evidence was previously undiscoverable as he was unaware that Smith would testify as he did and that the evidence would have changed the outcome of the trial had it been presented.
On appeal, defendant advances no argument in support of the “new material” evidence contention he raised at the trial court. Rather, his claim for entitlement to a new trial is presented only as part of the argument on his claim that the verdict was contrary to the evidence. However, we feel it appropriate to initially note that we find no error in the trial court’s conclusion that the “newly discovered” evidence was not sufficient to require that defendant be granted a new trial.
The trial court is granted much discretion in evaluating the impact of new *446 ly discovered evidence and its ruling on a motion for a new trial on that basis will not be disturbed absent clear abuse of discretion. State v. Clayton, 427 So.2d 827 (La.1982); State v. Cobb, 419 So.2d 1237 (La.1982); State v. Spell, 399 So.2d 551 (La.1981). At the hearing on the motion, the trial court recessed and actually inspected the view of the fixed monitor. The court then stated:
“I believe that the jury would have been able, under the circumstances, to believe that the officer saw an arm stick out of that cell, from the view that I saw”.
The court went on to explain that it was within the jury’s sound discretion to believe one individual’s testimony over another, found the evidence sufficient to support defendant’s conviction and denied the motion.
Defendant has failed to establish the camera’s field of vision could not have been previously discovered with the exercise of reasonable diligence. At trial when defendant was cross-examined regarding jailer Smith’s testimony that he observed defendant throwing paper on the burning fire, defendant admitted he had done so, explaining that the ignited paper had entered his cell and he was simply removing it. Defendant should have contemplated that someone may have seen him fueling the fire and that he might be questioned about his actions. He then could have prepared to impeach such testimony. La.C.Cr.P. Art. 851(3); State v. Prudholm, 446 So.2d 729 (La.1984). Neither has defendant carried his burden of proving that had the “newly discovered” evidence been available at trial, it probably would have changed the verdict. State v. Clayton, supra; State v. Cobb; supra. Finally, defendant has failed to substantiate his allegation that the camera’s perspective was so limited as to prevent Smith from seeing defendant’s cell. Since the test to be employed in determining whether a new trial is warranted is not simply whether another jury might have brought in a different verdict, but whether the new evidence is so material that it ought to produce a verdict different than that rendered at trial, we cannot say the trial court abused its discretion in denying the motion. State v. Prudholm, supra; State v. Clayton, supra. This assignment is without merit.

Sufficiency of Evidence

By this assignment defendant contends the jury’s verdict was contrary to the law and evidence as no rational fact-finder could have found the State bore its burden of proving his guilt. As defendant was convicted on circumstantial evidence, he contends the State failed to exclude every reasonable hypothesis of innocence. Specifically, he argues the State failed to exclude the possibility that inmate Turner started the fire.
In order to satisfy due process standards, the record evidence, viewed in the light most favorable to the prosecution, must be sufficient for a rational juror to conclude that the essential elements of the crime were proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
The circumstantial evidence rule as provided by La.R.S. 15:438 restricts the fact-finder, in the first instance, as well as the reviewer on appeal to accept as proven all that the evidence tends to prove and then to convict only if every reasonable hypothesis of innocence is excluded. State v. Johnson, 438 So.2d 1091 (La.1983); On rehearing, State v. Shapiro, 431 So.2d 372 (La.1983).
However, the Jackson standard is applicable in all cases whether or not circumstantial evidence is involved. State v. Eason, 460 So.2d 1139 (La.App. 2d Cir.1984), writ denied, 463 So.2d 1317 (La.1984). Although the circumstantial evidence rule of La.R.S. 15:438 does “not establish a stricter standard of review than the more general reasonable juror’s reasonable doubt formula, it emphasizes the need for careful observation of the usual standard, and provides a helpful methodology for its implementation in cases which hinge on the evaluation of circumstantial evidence.” State v. Chism, 436 So.2d 464, 470 (La.1983); State v. Smith, 513 So.2d 438 (La.App. 2d Cir.1987).
*447 Viewing the evidence in the light most favorable to the prosecution, we hold that the jury could rationally have found all hypotheses of innocence excluded beyond a reasonable doubt. Defendant admitted he planned, prepared and threatened the fire. Jail officials and a trustee corroborated the admission. The fire was ignited only minutes after defendant related his threat to start a fire to jailer Huckaby. The evidence established that defendant pushed paper through the opening in his cell door, that the fire occurred immediately outside defendant’s cell and that due to the relative locations of defendant’s and Turner’s cells, it would have been virtually impossible for Turner to have set it. A subsequent search of Turner’s person and cell revealed he had no matches or lighter. Defendant admitted that a lighter found in the holding cell where he and Turner were confined after being evacuated, was his own. The parties stipulated that if Turner were called to testify he would deny setting the fire.
The facts and legal arguments presented in this case are remarkably similar to those considered by the Supreme Court in State v. Washington, 421 So.2d 887 (La.1982). In Washington, the defendant’s conviction of aggravated arson for setting a fire in the Lincoln Parish jail where he was confined was upheld, though based solely on circumstantial evidence. The court stated that "... while the factual issues may lead reasonable men to different conclusions, we hold that the evidence is sufficient to support the conviction ...” Similarly, although there was no direct evidence of defendant’s having set flame to the paper he had gathered, we find the circumstantial evidence of his guilt sufficient to support the conclusion that he set the fire. This argument lacks merit.
Defendant further argues the State failed to demonstrate that he set “fire to any structure, watercraft or movable” as the jail’s structure consisted of cinderblocks and metal and would not burn and the paper and water cooler “were not the movables anticipated by La.R.S. 14:51.” Defendant offers no jurisprudential or statutory support for this argument. La.R.S. 14:51 offers no indication of a legislative intention that certain types of movables be excluded from the scope of the statute. Rather, the comments suggest that the statute should be broadly interpreted. The water cooler clearly falls within the purview of “movables” as the word has traditionally been defined. La.C.C. Art. 471. Further, the evidence of record established that a wooden bench, thermal undergarment and the paint on the walls of the structure itself were on fire. The State adequately demonstrated that fire was set to a “structure” or “movable” within the contemplation of La.R.S. 14:51. See and compare State v. Williams, 457 So.2d 610 (La.1984). This argument lacks merit.
Finally, defendant contends it was unforeseeable that “the burning of paper would endanger human lives.” The facts clearly belie this contention. Defendant and two other prisoners were confined to locked cells in the immediate vicinity of the fire. A total of 44 inmates were confined in the jail at the time of the offense. The jail support staff was inside the building and was responsible for the safety of the inmates.
Although the jail was built to resist burning, there were numerous flammable items in the area. Defendant admitted he had a great deal of paper in his cell and had in fact stated, “I got enough fodder here to build a fire”. Obviously, the wooden bench, paint on the walls and water cooler were flammable as these items burned. Further, the inmate’s spare clothing, bedding and bodies were all flammable items to which the flames could eventually have spread.
The testimony adduced at trial indicated the area filled quickly with smoke and was so thick it could not be seen through. Jail Warden, Braswell, stated that due to the fire and smoke, he had difficulty breathing and his eyes were burning. Defendant, Turner and the female inmate were necessarily evacuated from the area. Both Smith and Huckaby expressly stated they believed the evacuation was necessary to prevent the inmates from suffocating. The *448 evidence clearly establishes a sufficient basis for the jury to have found it foreseeable to defendant that human life was endangered by his actions. This argument lacks merit.
We conclude that the State bore its burden of proving defendant’s guilt beyond a reasonable doubt. The evidence supports the jury’s finding that all essential elements of the crime of aggravated arson were established. State v. Captville, 448 So.2d 676 (La.1984).

Decree

For the foregoing reasons, defendant’s sentence and conviction are AFFIRMED.

. The assignments not briefed are considered abandoned. URCA Rule 2-12.4; State v. Schwartz, 354 So.2d 1332 (La.1978).