# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 08-1026

STATE OF LOUISIANA

VERSUS

JOSEPH L. ROBERTS

************

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 07-232,074
HONORABLE KEITH R. J. COMEAUX, DISTRICT JUDGE

************

## MICHAEL G. SULLIVAN
## JUDGE

************

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters, and Michael G. Sullivan, Judges.

**CONVICTION AFFIRMED; JUDGMENT VACATED AND REMANDED WITH INSTRUCTIONS.**

**J. Phillip Haney**
**District Attorney**
**Jeffrey J. Trosclair**
**Assistant District Attorney**
**Sixteenth Judicial District Court**
**St. Martin Parish Courthouse**
**St. Martinville, Louisiana  70582**
**(337) 828-4100**
**Counsel for:**
        **State of Louisiana**

**Annette Fuller Roach**
**Louisiana Appellate Project**
**Post Office Box 1747**
**Lake Charles, Louisiana  70602-1747**
**(337) 436-2900**
**Counsel for Defendant/Appellant:**
        **Joseph L. Roberts**

**SULLIVAN, Judge.**

Defendant, Joseph L. Roberts, was charged by bill of information with aggravated second degree battery, a violation of La.R.S. 14:34.7. At his arraignment, Defendant entered a plea of not guilty. He later withdrew his initial plea and entered a plea of guilty. Defendant was sentenced on January 23, 2008, to serve eight years at hard labor. A judgment was entered against him and in favor of the victim of the battery, Gary Celestine, in the amount of $25,556.71. Defendant filed a Motion to Reconsider Sentence which was denied without a hearing.

Defendant now appeals, asserting four assignments of error. First, he contends that the bill of information was defective and that his attorney rendered ineffective assistance of counsel by permitting him to enter a plea of guilty to the defective bill. Second, he asserts that the trial court failed to properly ascertain his ability to make a knowing and intelligent decision to enter a plea of guilty. Third, he claims that the sentence imposed is excessive and that his attorney rendered ineffective assistance of counsel by agreeing to a sentencing cap that provided little benefit to him. Finally, he argues that the trial court erred in assessing a civil judgment against him and in favor of Gary Celestine when the bill of information failed to specifically name the alleged victim. For the following reasons, we affirm Defendant's conviction but reverse the judgment in favor of Gary Celestine and remand the matter to the trial court for further proceedings.

## FACTS

When Defendant entered his plea of guilty, he informed the trial court:

> I went and meet [sic] my little brother at his little friend's house. My [sic] and my little friend's podnah was clowning around outside playing. When we was walking back to go inside the house, Darren and another guy was walking down the street coming towards the house.

1

When they got in the front they asked me to call – my little brother's podnah, he asked me to call him. So I called him. He was walking out the door and we were outside. I was going towards my truck. I was going to lock my doors. He started cursing out (inaudible). I don't know what for. I asked him who he was cursing. I don't know what else he had said, so I asked him again. They said, man, I know you. I said, no, you don't know me. I said, you just know my face. I said, you don't know me. They said me and my brothers want to fight you (inaudible). When I backed up, he swung at me and he missed me. That's when I just started swinging back at him.

Upon further questioning by the trial court, Defendant admitted that he had cut the victim with a box cutter.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, this court reviews all appeals for errors patent on the face of the record. After review, we have found two potential errors patent which will be discussed in assignments of error numbers one and four.

*Assignment of Error No. 1:*

Defendant contends that the bill of information was defective and failed to sufficiently advise him of the accusations against him as required by La.Const. art. I, § 13. More specifically, he asserts that the bill was defective because it failed to comply with La.Code Crim.P. art. 473 by not stating the name of the victim.[1] Defendant argues that he could be seriously prejudiced by his guilty plea because the State could bring new charges for acts specifically committed against Gary Celestine which would not technically constitute double jeopardy, resulting in the possibility of his being convicted of the same crime twice. He further asserts that because the

---

[1]Louisiana Code of Criminal Procedure Article 473 provides, in pertinent part, as follows:

> When the name of the person injured is substantial and not merely descriptive, such as when the injury is to the person, as in murder, rape, or battery, the indictment shall state the true name of the victim or the name, appellation, or nickname by which he is known. If the name, appellation, or nickname of the victim is not known, it is sufficient to so state and to describe him as far as possible.

bill failed to name the victim, he could not be sure of the charge against him when attempting to put on a defense. Finally, he claims that insufficient information was provided to him on which to mount his claim of self-defense.

With respect to his claim that the bill was defective and failed to sufficiently advise him of the accusations against him, Defendant waived such claim as "[a] plea of guilty normally waives all non-jurisdictional defects in the proceedings prior to the plea." *State v. Crosby*, 338 So.2d 584, 586 (La.1976). However, Defendant alleges counsel was ineffective in permitting him to enter a plea of guilty to a defective bill. As the ineffective assistance of counsel claim relates to the entering of the guilty plea, it was not waived under *Crosby*. Thus, we will review Defendant's ineffective assistance of counsel claim.

When a defendant seeks reversal of a conviction based upon ineffective assistance of counsel, he must meet the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), *reh'g denied*, 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984). Under *Strickland* it must be shown that counsel's performance was deficient and that this deficiency prejudiced the defendant. This two part test also applies to challenges to guilty pleas based upon ineffective assistance of counsel. *State v. Washington*, 491 So.2d 1337 (La.1986).

Defendant has a constitutional right to be advised, in a criminal prosecution, of the nature and cause of the accusations against him. La. Const.1974, art. I, § 13. Code of Criminal Procedure article 464 provides: "The indictment shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." The Bill of Information must contain all the elements of the crime intended to be charged in sufficient particularity to allow the defendant to prepare for trial, to enable the court to determine the propriety of the evidence that is submitted upon the trial, to impose the appropriate penalty on a guilty verdict, and to protect the defendant from double jeopardy. *State v. Allen*, 00-0194 (La.App. 4 Cir. 08/01/01), 793 So.2d 426, 433, citing *State v. Comeaux*, 408 So.2d 1099 (La.1981). When the name of the person injured is substantial and not merely descriptive, it shall be stated in the indictment. LSA-C.Cr.P. art. 473.

A defendant may not complain of technical insufficiency in an indictment for the first time after conviction, when the indictment fairly informed the accused of the charge against him and the defendant is not prejudiced by the defect. *State v. Michels*, 98-608 (La.App. 5 Cir. 1/13/99), 726 So.2d 449. The omission of an essential fact does not necessarily create a prejudicial error because such facts can be supplied during discovery, by a bill of particulars. *State v. Allen*, *supra*. For these reasons, after the verdict a defendant ordinarily cannot complain of the insufficiency of a Bill of Information "unless it is so defective that it does not set forth an identifiable offense against the laws of this state and inform the defendant of the statutory basis of the offense." *State v. Allen*, 793 So.2d 426, 434.

*State v. Johnson*, 02-254, pp. 2-4 (La.App. 5 Cir. 6/26/02), 822 So.2d 840, 842-43.

Here, the bill of information alleged that: "ON OR ABOUT NOVEMBER 16, 2006, IN THE PARISH OF ST. MARTIN, JOSEPH L[.] ROBERTS DID KNOWINGLY OR INTENTIONALLY COMMIT R.S. 14:34.7 AGGRAVATED SECOND DEGREE BATTERY, by committing a battery with a dangerous weapon, Knife, when the offender intentionally inflicts serious bodily injury." The bill did not comply with the mandates of La.Code Crim.P. art. 473 because it did not list the victim's name.

"Aggravated second degree battery is a battery committed with a dangerous weapon when the offender intentionally inflicts serious bodily injury." La.R.S. 14:34.7(A)(1). Serious bodily injury is defined as "bodily injury which involves unconsciousness, extreme physical pain or protracted and obvious disfigurement, or protracted loss or impairment of the function of a bodily member, organ, or mental faculty, or a substantial risk of death." La.R.S. 14:34.7(A)(2). The identity of the victim is not an essential element of the offense. Thus, we conclude that the bill was not so defective that it failed to set forth an identifiable offense or to inform Defendant of the statutory basis of the offense.

4

While Defendant argues that he "could be prejudiced" because the bill fails to list the victim's name, actual prejudice must be suffered to prevail on a claim of ineffective assistance of counsel. *State v. Smith*, 43,291 (La.App. 2 Cir. 8/13/08), 988 So.2d 861; *State v. Buckenberger*, 07-1422 (La.App. 1 Cir. 2/8/08), 984 So.2d 751, *writ denied*, 08-877 (La. 11/21/08), 966 So.2d 1104.

The identity of the victim can be found in the record. An affidavit filed in the record on November 21, 2006, lists the victim as Gary Celestine. On March 27, 2007, defense counsel filed a "Motion for Bill of Particulars and for Disclosures [sic] of Evidence Favorable to Defendant" seeking disclosure of the victim's name. Court minutes for April 17, 2007, indicate that the State provided defense counsel with a discovery packet, and the trial court ordered the discovery satisfied. At sentencing, the trial court granted a judgment in favor of Gary Celestine and against Defendant in the amount of $25,556.71. Thus, any future prosecution for the same crime in which Gary Celestine was named as the victim will be precluded, and Defendant will not be exposed to double jeopardy. We reject Defendant's claim that his counsel was ineffective in permitting him to plead to a defective bill. Defendant's first assignment of error is without merit.

***Assignment of Error No. 4:***

Defendant contends the trial court erred in assessing a civil judgment against him in favor of Gary Celestine when the bill of information failed to specifically name the alleged victim. After sentencing Defendant to eight years at hard labor, the trial court stated that it was "also grant[ing] Mr. Gary Celestine a judgment in the amount of $28,556.71 against Mr. Roberts." Louisiana Code of Criminal Procedure Article 883.2(A) requires that "[i]n all cases in which the court finds an actual

5

pecuniary loss to a victim . . . the trial court shall order the defendant to provide restitution to the victim as a part of any sentence that the court shall impose."

Defendant asserts that the trial court did not order restitution as part of his sentence as required by La.Code Crim.P. art. 883.2, but instead rendered the equivalent of a civil money judgment as contemplated by La.Code Crim.P. art. 886(A), which provides, in pertinent part, as follows:

> In the event of nonpayment of . . . restitution to the victim, . . . within sixty days after the sentence was imposed, and if no appeal is pending, the court which imposed the sentence may sign a judgment against the defendant in a sum equal to the fine or restitution plus judicial interest to begin sixty days after the sentence was imposed plus all costs of the criminal proceeding and subsequent proceedings necessary to enforce the judgment in either civil or criminal court, or both.

Defendant is correct. Rather than making restitution to the victim a part of Defendant's sentence, the trial court ordered restitution in the form of a money judgment. That judgment was improper as Defendant had not been given sixty days to pay restitution. Accordingly, the judgment is vacated, and this matter is remanded for the imposition of restitution as part of Defendant's sentence as contemplated by La.Code Crim.P. art. 883.2.

***Assignment of Error No. 2:***

Defendant contends that the trial court failed to ascertain his ability to make a knowing and intelligent decision to enter a plea of guilty.

> A valid guilty plea must be a free and voluntary choice by the defendant. A guilty plea will not be considered free and voluntary unless, at the very least, the defendant was advised of his constitutional rights against self-incrimination, to a trial by jury, and to confront his accusers. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *State v. Kennedy*, 42,850 (La.App. 2d Cir.1/9/08), 974 So.2d 203. An express and knowing waiver of those rights must appear on the record, and an unequivocal showing of a free and voluntary waiver cannot be presumed.

6

*State v. Minniefield*, 43,300, p. 3 (La.App. 2 Cir. 6/4/08), 986 So.2d 227, 230.

Like Defendant herein, the defendant in *Minniefield* argued that the trial court did not inquire into his educational background or whether he was under the influence of drugs or alcohol at the time of his plea. In rejecting his arguments, the court concluded that neither *Boykin* nor La.Code Crim.P. art. 556.1 required such an inquiry and noted "[t]here is no statutory or constitutional requirement that the trial court inquire into a defendant's educational level before accepting a guilty plea." *Id.* at 232. The court noted that the defendant did not claim that he lacked sufficient education to make a knowing and voluntary plea or that his consent was vitiated by the use of drugs or alcohol at the time of the plea. Thus, the court found the record showed that the defendant's guilty plea was knowingly and voluntarily entered.

Here, the trial court did inquire into Defendant's educational level but did not ask Defendant if he was under the influence of alcohol or drugs. However, based on *Minniefield*, the trial court was not required to address Defendant regarding either issue. Additionally, neither defense counsel nor Defendant raised any issue regarding Defendant's mental status until the Motion to Reconsider Sentence was filed. Thus, the trial court was not aware of this issue at the time the plea was entered.

Defendant asserts that despite his claim of self-defense, the trial court failed to determine whether he understood his right to continue his plea of not guilty and prove that he acted in self-defense. The trial court informed Defendant that he had the right to plead not guilty. Defendant does not allege that he did not understand that he had the right to persist in his plea of not guilty. Self-defense was not asserted

7

by Defendant or defense counsel at the time Defendant entered his plea of guilty, and Defendant never filed a motion to withdraw his guilty plea on these grounds.

Defendant asserts that although the trial court discussed each *Boykin* right and read the statute for aggravated second degree battery, including the penalty range, it did not assure itself that he understood what was being said. Defendant has not alleged that he did not understand the information explained to him by the trial court or that he did not intend to enter a plea of guilty. Defendant was represented by counsel. The transcript indicates that the trial court fully explained Defendant's *Boykin* rights to him and that he indicated that he understood each of those rights. We conclude that the inquiry made by the trial court at Defendant's guilty plea hearing satisfied the requirements of *Boykin* and La.Code. Crim.P. art. 556.1.

Defendant complains that the trial court did not define battery when giving the definition of aggravated second degree battery, and thus, he was not properly and fully informed of the nature of the charge against him. In support of his argument, Defendant cites *State v. Ford*, 06-1435 (La.App. 3 Cir. 4/4/07), 954 So.2d 876. Ford's conviction arose from an accident in which his motor vehicle struck a man who was riding a bicycle. Ford, who had been smoking marijuana earlier in the day, fled the scene and was later arrested. The victim died from his injuries. Ford eventually pled guilty to vehicular homicide. On review, this court stated:

> The record of the plea proceedings establishes that the trial court informed the defendant that he was charged with vehicular homicide, but did not inform him of the nature of the charge by explaining its elements. Thus, the trial court failed to comply with its obligations pursuant to La.Code Crim.P. art. 556.1(A)(1). However, in *State v. Longnon*, 98-551, p. 7 (La.App. 3 Cir. 10/28/98), 720 So.2d 825, 829, *writ denied*, 98-2969 (La.3/19/99), 739 So.2d 781, this court concluded that because the requirement of La.Code Crim.P. art. 556.1(A)(1) "is a statutory requirement rather than a constitutional requirement (as is the

8

requirement that the trial court inform the Defendant of the three *Boykin* rights)" it is subject to a harmless error analysis.

*Id.* at 879. The factual basis in *Ford* established only that an accident involving the defendant and the victim had occurred and that the victim died as a result of his injuries; it was silent as to who had caused the accident. Because we concluded that the trial court's noncompliance with La.Code Crim.P. art. 556.1(A)(1) was not harmless error, we vacated the defendant's conviction and sentence and remanded the matter for further proceedings.

In *State v. Roe*, 05-116 (La.App. 3 Cir. 6/1/05), 903 So.2d 1265, *writ denied*, 05-1762 (La. 2/10/06), 924 So.2d 163, the defendant challenged the sufficiency of the trial court's description of the nature of the offense of aggravated second degree battery. In rejecting Roe's argument, we noted:

> [O]ur review indicates that the record supports the defendant's assertion that the trial court did not list the elements of the offense at the sentencing hearing. However, as in [*State v.*] *Morrison* [, 99-1342 (La.App. 3 Cir. 3/1/00), 758 So.2d 283], our review indicates that the defendant was properly *Boykinized*, informed of the factual basis for the charge and informed of the possible sentencing exposure. Furthermore, the defendant does not allege on appeal that he did not understand the nature of the charge against him, merely that the district court did not ascertain that he understood. Based on these circumstances, we find the trial court's failure to list the specific elements of the defendant's charge to be harmless error.

*Id.* at 1269. *See also State v. Matthew*, 07-1326 (La.App. 3 Cir. 5/28/08), 983 So.2d 994.

The definition of battery is fairly straightforward. Defendant admitted that he hit the victim and cut him with a box cutter. Moreover, he failed to allege he did not understand the nature of the charge against him. We conclude that the trial court's failure to inform Defendant of the definition of battery was harmless error.

9

Defendant complains that the trial court did not inform him of the intent necessary to commit the offense of aggravated second degree battery. He contends that the facts which he recited when he entered his plea of guilty do not indicate he had the specific intent to commit battery but instead show that he was defending himself. Nevertheless, neither Defendant nor defense counsel claimed self-defense at the guilty plea. Furthermore, Defendant does not allege that he did not understand the intent necessary to commit the offense or the nature of the offense.

Defendant argues that the trial court failed to inform him of the additional penalty required by La.Code Crim.P. art. 883.2. This assertion is correct; however, nothing in La.Code Crim.P. art. 556.1 requires the trial court to inform a defendant about the mandates of La.Code Crim.P. art. 883.2. Additionally, Defendant does not assert he was unaware of the provisions of that article or that he would not have pled guilty had he known he could be ordered to pay restitution. Further, it appears Defendant was aware restitution was an issue as his attorney mentioned it immediately after the plea.

Defendant next asserts that the trial court failed to inform him of the injuries suffered by the victim. Louisiana Code of Criminal Procedure Article 556.1 does not require the trial court to inform a defendant of the injuries suffered by a victim. Additionally, Defendant does not allege that he was unaware of the injuries suffered by the victim.

Defendant's guilty plea was knowingly and intelligently made. We find the case at bar distinguishable from *Ford* in that Defendant informed the trial court that he fought with the victim and admitted to cutting the victim with a box cutter. Thus,

10

causation was clearly established. For the reasons outlined above, Defendant's second assignment of error lacks merit.

***Assignment of Error No. 3:***

Defendant next contends that the sentence imposed is excessive under the particular facts of this case. He also alleges that his attorney rendered ineffective assistance of counsel by agreeing to a sentencing cap that provided little benefit to him but resulted in a significant implied waiver of the right to contest the sentence imposed. He asserts that a "straight-up" plea would not have stripped him of his constitutional right to appeal the excessiveness of his sentence.

Louisiana Code of Criminal Procedure Article 881.2(A)(2) provides that a "defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." It is uncontested that Defendant entered into a plea agreement with the State that included a ten-year sentencing cap. Defendant was sentenced within the terms of his plea agreement. Therefore, he is precluded from seeking a review of his sentence on appeal. *See State v. Washington*, 07-852 (La.App. 3 Cir. 1/30/08), 977 So.2d 1060.

Defendant's claim that defense counsel was ineffective for allowing him to enter into a plea agreement involving a sentencing cap would not be resolved by performing an excessive sentence review and cannot be resolved based on the information contained in the record. A number of factors could have affected the confection of the plea agreement, including many not directly related to the sentence. Thus, we relegate this issue to post-conviction relief proceedings where, if warranted, a full evidentiary hearing may be conducted to develop a record sufficient

11

to consider the issue raised. *State v. Smith*, 07-468 (La.App. 3 Cir. 10/31/07), 969 So.2d 694, *writ denied*, 07-2484 (La. 5/16/08), 980 So.2d 707.

### DECREE

Defendant's conviction is affirmed; however, the judgment in favor of Gary Celestine is vacated and the matter is remanded to the trial court for further proceedings.

**CONVICTION AFFIRMED; JUDGMENT VACATED AND REMANDED WITH INSTRUCTIONS.**