# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 08-1477


**STATE OF LOUISIANA**

**VERSUS**

**JOSEPH A. GRANGER**


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 4995-02
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*


**MARC T. AMY**
**JUDGE**


\*\*\*\*\*\*\*\*\*\*


Court composed of Marc T. Amy, Elizabeth A. Pickett and J. David Painter, Judges.

**SENTENCE AFFIRMED. JUDGMENT OF RESTITUTION VACATED. REMANDED.**

**John F. DeRosier**
**District Attorney**
**Carla S. Sigler**
**Assistant District Attorney**
**Post Office Box 3206**
**Lake Charles, LA   70602-3206**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
        **State of Louisiana**

**Mark O. Foster**
**Louisiana Appellate Project**
**Post Office Box 2057**
**Natchitoches, LA   71457**
**(318) 572-5693**
**COUNSEL FOR DEFENDANT/APPELLANT:**
        **Joseph A. Granger**

AMY, Judge.

The defendant pled guilty to theft by fraud over $500.00, a violation of La.R.S. 14:67(A). He was sentenced to serve six years at hard labor with the sentence to run consecutively with the sentences imposed on five other convictions. The defendant appeals, asserting that the sentence is excessive and that the trial court erred in ordering him to pay restitution to the victims of the crimes after he was sentenced. We affirm the defendant's sentence, but vacate the Judgment of Restitution. We remand for further proceedings.

## Factual and Procedural Background

This matter is one of six companion cases.[1] In this case, the State alleged that the defendant, Joseph A. Granger, on October 22, 2001, sold a lawn tractor to the victim for $1,500.00; the defendant received the money but never produced the tractor. Further, the State contended that between May 2 and May 27, 2002, the defendant accepted $200.00 from a victim for a job that he never completed. The State asserts that during that same period the owner of Comfort Inn in Calcasieu Parish paid the defendant $2,500.00 for work that he failed to perform. Also, on January 14, 2001, the defendant accepted a payment of $12,000.00 from Charles Montou for work that he did not complete. Accordingly, the defendant was charged by bill of information as follows:

> [O]n or about OCTOBER 22, 2001, committed the offense(s) of THEFT BY FRAUD violating LSA R.S. 14:67A in that COUNT 1- THEFT BY FRAUD- 1 COUNT HE DID COMMIT THEFT BY MEANS OF FRAUDULENT CONDUCT, PRACTICES OR REPRESENTATIONS,

---

[1] For the factual backgrounds of the other five convictions, see the decisions in the companion cases also before this court on appeal: *State v. Joseph "Joey" Alford Granger*, 08-1478 (La.App. 3 Cir. _/_/09), _ So.2d _; *State v. Joey Granger*, 08-1479 (La.App. 3 Cir. _/_/09), _ So.2d _; *State v. Joey Granger*, 08-1480 (La.App. 3 Cir. _/_/09), _ So.2d _; *State v. Joseph A. Granger, Jr.,* 08-1481 (La.App. 3 Cir. _/_/09), _ So.2d _; *State v. Joseph A. Granger*, 08-1482 (La.App. 3 Cir. _/_/09), _ So.2d _.

WITH THE INTENT TO DEPRIVE PAUL VINCE PERMANENTLY OF U.S. CURRENCY, OF THE VALUE OF OVER $500.00. . .

Subsequently on December 12, 2005, the State amended the bill to include additional charges: one count of theft under $300.00, three counts of theft over $500.00, and one count of theft by fraud over $500.00. The defendant entered a guilty plea for the initial bill of information, wherein the State charged him with one count of theft by fraud and *nolle prossed* the other charges listed above. The defendant also entered guilty pleas for five other offenses. The trial court ordered a presentence investigation report.

On March 14, 2008, the trial court sentenced the defendant to six years at hard labor with the sentence to run consecutively with the sentences imposed for the other convictions.

Thereafter, the defendant filed a Motion to Amend or Modify Sentence or Alternatively Motion to Reconsider Sentence. The trial court denied the motion on April 14, 2008. Defense counsel later proffered evidence and testimony with regard to the denial of the Motion to Reconsider Sentence.

On June 4, 2008, the trial court issued a "Judgment of Restitution," ordering the defendant to pay restitution to the victims of the crimes underlying the six convictions.

The defendant appeals, asserting that the sentences imposed are excessive and that the trial court erred in ordering restitution after sentencing the defendant.

**Discussion**

*Errors Patent*

Pursuant to La.Code Crim.P. art. 920[2], all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find no errors patent requiring correction.

*Excessive Sentence*

The defendant, on appeal, contends that his sentence is excessive, particularly because the six-year sentence was ordered to run consecutively to the six-year sentences imposed on the other five charges to which he also pled guilty. Relying on La.Code Crim.P. art. 883,[3] he asserts that "all six cases clearly constituted a common scheme or plan to the extent that the state consolidated all six for an initial arraignment, a guilty plea and sentencing." Further, the defendant argues that the trial court's reasons for ordering that the sentences be served consecutively do not "articulate a basis for overriding the presumption of concurrent sentences."

---

[2] Louisiana Code of Criminal Procedure Article 920 provides:

**Art. 920. Scope of appellate review**

The following matters and no others shall be considered on appeal:

(1) An error designated in the assignment of errors; and

(2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.

[3] Louisiana Code of Criminal Procedure Article 883 provides:

**Art. 883. Concurrent and consecutive sentences**

If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently. In the case of the concurrent sentence, the judge shall specify, and the court minutes shall reflect, the date from which the sentences are to run concurrently.

3

The defendant did not specifically raise the error of consecutive sentences in his motion to reconsider sentence filed in the trial court. Accordingly, the sentence will be reviewed under a bare excessiveness claim. *See* La.Code Crim.P. art. 881.1[4] and *State v. Clark*, 06-508 (La.App. 3 Cir. 9/27/06), 940 So.2d 799, *writ denied*, 06-2857 (La. 9/21/07), 964 So.2d 324.

With regard to excessive sentence claims, this court stated:

> La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La. 6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La.2/1/02), 808 So.2d 331.

The trial court, at the sentencing hearing, stated:

> At this time the Court is called upon to go through Article 894.1 with regard to the sentencing guidelines. 894.1 indicates that there should be a sentence of imprisonment if any of the following occurs.

---

[4] Louisiana Code of Criminal Procedure Article 881.1 provides, in pertinent part:

> E. Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.

Is there an undue risk during a period of suspended sentence or probation that the defendant would commit another offense? It's noted that the defendant is in fact a third time felony offender based on his classification from the Department of Corrections. Since he has been in his late twenties he has been constantly in trouble with the law, with all of these matters apparently involved with some form or allegation of taking of which there has at least been two prior felony convictions. The Court would answer that in the affirmative.

Is the defendant in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution? It is apparent that as a third time offender that the defendant at this point has not learned to cease and desist and, in fact, there are six individual counts before the Court at this point and in comparing that with the past offenses the Court is also answering that in the affirmative; that a commitment to an institution is appropriate, as well as the defendant's failure to adhere to the request to appear in Court on the number of bench warrants that his record also demonstrates.

Would any lessor [sic] sentence deprecate the seriousness of the offense? Obviously at some point the opportunities for probation based on the statutory guidelines indicating that he is not eligible as a third time offender must indicate the State's preference to some form of incarceration and further to continue to allow that defendant to be on the street. He's basically a hindrance and hazard to the public and would deprecate the seriousness of this offense.

In looking at aggravating circumstances the Court notes the following: The offender offered or has been offered or has given or received something of value for the commission of these offenses by the very nature. The Court finds that to be aggravating.

The offender has used his position or status to facilitate the commission of these offenses. The victims in this case were vulnerable. They trusted the defendant, many of them in times of need following the hurricane and needing help to assist them in other repairs and items. The defendant has used his position and ability to be somewhat of a craftsman as far as floor coverings and such to gain their trust and then once he's received funds then basically disappears with those monies and not provide the services that he previously rendered. In addition, he has submitted a number of worthless checks in an attempt to obtain something for nothing.

Other aggravating [sic], it is noted that these offenses have resulted in significant permanent injury or economic losses to the victims. In reviewing the pre-sentence investigation there is an aggregate of $46,622.76 from a number of victims that was determined by the officer with Probation and Parole and that is a significant

economic expense, as well as the inability then to trust other individuals could cause some permanent detriment to the victims in this matter. The Court would find that aggravating.

The offenses involve multiple victims and incidences for which separate sentences have not been imposed. While the matters before the Court include six separate felony offenses, it is noted that there were a number of other offenses pursuant to that guilty plea that were in fact dismissed and the Court is not considering those, however it is noted that multiple victims and incidences did exist for aggravating purposes.

The offender was persistently involved in similar offenses not already considered as a criminal history or part of a multiple offender adjudication. He's not been addressed as a multiple offender, however in a review of his history, while there's not been convictions, the Court cannot ignore the number of allegations that have been brought against the defendant for the past fifteen, twenty years. The Court also finds that this offense was a major economic offense.

Other aggravating circumstances, specifically the defendant absconding from his sentencing hearing when given the opportunity to remain free and having received notice in open court made the decision to try and avoid the entirety of his sentence or repayment to society and by avoiding that proceeding not only delayed the Court's business, but gave an indication as to his true intent, whether he was remorseful and willing to accept punishment for the actions that he has been involved with.

The defendant had made arguments that he would compensate or would compensate [sic] the victims, but at this time the Court's received no proof that that in fact has been done and it is the Court's opinion that those promises and now looking at the track record were merely an effort to delay the ultimate sentencing for the matters before the Court. That would be aggravating more than mitigating.

The defendant has no prior history of delinquency or criminal activity and has led a law abiding life for a substantial period of his life. That is much more aggravating than mitigating.

The defendant's criminal conduct was the result of circumstances unlikely to recur. More aggravating than mitigating.

The defendant is particularly likely to respond affirmatively to probationary treatment. Again, he's had those opportunities in the past and failed to take advantage of them. I find that to be more aggravating than mitigating.

6

The Court, if it did not mention one of the aggravating or mitigating circumstances specifically, they were considered and, if not mentioned, deemed insignificant or inapplicable to the incident [sic] offense.

. . . .

At this time the defendant has pleaded guilty to docket 20582-02, felony worthless checks in an amount greater than $500; docket 3827-03, theft greater than $500, noting that that was one count with multiple victims inclusive; docket 28024-02, theft greater than $500; docket 20576-03, theft greater than $500; docket 4995-02, theft by fraud; and docket 28023-02, theft greater than $500.

At this time the Court hereby sentences the defendant, Mr. Joseph Alford Granger, to serve the sum of six years on each of those dockets. That term will run consecutive with one another and the Court at this time references Code Article 883 of the *Code of Criminal Procedure*. As previously indicated the Court is of the opinion it needs to annunciate particular justification if the sentence should be established as consecutive. The basis of that, the Court finds that the defendant has used his position to prey on societal needs. Each of these victims was an individual that had unique issues, losses, for which the defendant took advantage of. They occurred on different times, different physical locations, and all with the defendant's intent to take from that specific victim or the matters associated with those specific dockets. Some were property takings, some were money takings for equipment rental, repair. Some were monies that were going to be received in advance to repair, such as remodeling or installing flooring, and many of the others were significant issuance of worthless checks to vendors or creditors that the defendant has pled guilty to knowing that there were no funds to pay for those.

The defendant will serve a total of 36 years with the Department of Corrections as a result of that.

The defendant in this case committed separate crimes, with separate victims, locations, and dates. Pursuant to La.Code Crim.P. art. 883, the sentence was to be served consecutively, *unless* the court expressly directed that it be served concurrently. Accordingly, the trial court did not err in ordering that the six sentences run consecutively.

7

Regarding the determination of whether the penalty imposed shocks one's sense of justice, we note that the defendant received a mid-range sentence. Louisiana Revised Statutes 14:67[5] instructs that the penalty for theft by fraud greater than $500.00 is imprisonment for not more than ten years, or a fine of not more than three thousand dollars, or both. The defendant was sentenced to six years. Also, the defendant benefitted from the State's aggregating the multiple charges into a single count. La.R.S. 14:67(C) and La.Code Crim.P. art. 481[6]. As such, this assignment of error lacks merit.

*Restitution*

In his second assignment of error, the defendant asserts that the trial court erred in ordering that he pay restitution two months after a hard labor sentence was

_____

[5] Louisiana Revised Statutes 14:67 provides, in pertinent part:

A. Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.

B. (1) Whoever commits the crime of theft when the misappropriation or taking amounts to a value of five hundred dollars or more shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than three thousand dollars, or both.

. . . .

C. When there has been a misappropriation or taking by a number of distinct acts of the offender, the aggregate of the amount of the misappropriations or taking shall determine the grade of the offense.

[6] Louisiana Code of Criminal Procedure Article 481 provides:

An indictment for theft may include several counts against the same defendant for distinct acts of theft, and the aggregate amount of the thefts shall determine the grade of the offense charged. If a defendant misappropriates money or other things of value, which were entrusted to him by virtue of his office, employment, or any fiduciary relationship, he may be charged in one count with theft of the aggregate amount misappropriated by him during the entire time of his holding the office, employment, or fiduciary relationship.

imposed. He contends that, pursuant to La.Code Crim.P. art. 916, the trial court no longer had jurisdiction to issue such a judgment. Secondly, the defendant argues that "restitution is generally limited by statute to probated sentences." Finally, he questions whether it was appropriate to impose restitution without a hearing being conducted.

At the sentencing hearing, the defendant's attorney acknowledged, without "objections or additions" the content of the presentence investigation report, including the amounts of restitution owed to the victims. The trial court stated at the sentencing hearing:

> I indicate to the State that they may seek or file a civil judgment in conformity with the pre-sentence investigation as to the respective victims and restitution less any credits that may have been received, Mrs. Wilson, for those respective amounts and they can remain in the civil records in the hopes of some time [sic] collecting those amounts.

After the defendant's Motion to Reconsider Sentence was denied, the defendant filed a motion for appeal. Said motion was granted on May 14, 2008. On June 4, 2008, without a hearing, the trial court issued a judgment, ordering that the specified amounts of restitution be paid to the eighteen victims listed therein.

Suspension of a defendant's sentence or placing a defendant on probation is not a prerequisite to imposing restitution. La.Code Crim.P. art. 883.2. At the time this offense was committed, La.Code Crim.P. art. 883.2 provided:

> In all cases in which the court *finds* an actual pecuniary loss to a victim, or in any case where the court finds that costs have been incurred by the victim in connection with a criminal prosecution, the trial court *shall order the defendant to provide restitution to the victim as a part of any sentence that the court shall impose.*

(Emphasis added).

Furthermore, La.Code Crim.P. art. 886(A) provides, in pertinent part:

9

*In the event of nonpayment . . . of restitution to the victim, . . . within sixty days after the sentence was imposed, and if no appeal is pending,* the court which imposed the sentence may sign a judgment against the defendant in a sum equal to the fine or restitution plus judicial interest to begin sixty days after the sentence was imposed plus all costs of the criminal proceeding and subsequent proceedings necessary to enforce the judgment in either civil or criminal court, or both. Collection of the judgment may be enforced in either criminal or civil court, or both, in the same manner as a money judgment in a civil case.

(Emphasis added).

Louisiana Code of Criminal Procedure Article 916 also provides in pertinent part:

The jurisdiction of the trial court is divested and that of the appellate court attaches upon the entering of the order of appeal. Thereafter, the trial court has no jurisdiction to take any action except as otherwise provided by law and to:

(1)  Extend the return day of the appeal, the time for filing assignments of error, or the time for filing per curiam comments in accordance with Articles 844 and 919.

(2)  Correct an error or deficiency in the record.

(3)  Correct an illegal sentence or take other appropriate action pursuant to a properly made or filed motion to reconsider sentence.

(4)  Take all action concerning bail permitted by Title VIII.

(5)  Furnish per curiam comments.

(6)  Render an interlocutory order or a definitive judgment concerning a ministerial matter not in controversy on appeal.

(7)  Impose the penalty provided by Article 844.

(8)  Sentence the defendant pursuant to a conviction under the Habitual Offender Law as set forth in R.S. 15:529.1.

Thus, the trial court was divested of jurisdiction in this case at the time it entered the Judgment of Restitution. The judgment is therefore a nullity.

Also, in *State v. Roberts*, 08-1026 (La.App. 3 Cir. 3/4/09), _So.2d._, the trial court stated at sentencing that it was "'also grant[ing] Mr. Gary Celestine a judgment in the amount of $28,556.71 against Mr. Roberts.'" *Id.* at __. The defendant appealed, arguing that the trial court did not order restitution as part of his sentence pursuant to La.Code Crim.P. art. 883.2. This court, relying on La.Code Crim.P. art. 886, held:

> Rather than making restitution to the victim a part of the Defendant's sentence, the trial court ordered restitution in the form of a money judgment. The judgment was improper as Defendant had not been given sixty days to pay restitution. Accordingly, the judgment is vacated, and this matter is remanded for the imposition of restitution as part of Defendant's sentence as contemplated by La.Code Crim.P. art. 883.2.

*Id.* at __.

As in *Roberts*, the trial court improperly imposed restitution via a civil judgment, rather than as a part of the defendant's sentence pursuant to La.Code Crim.P. art. 883.2.

Further, the record does not indicate that the defendant was present when the Judgment of Restitution was issued. In *State v. Thomas*, 05-1051, p. 4 (La.App. 3 Cir. 3/1/06), 924 So.2d 1146, 1149, *abrogated on other grounds by State v. Stevens*, 06-818 (La.App. 3 Cir. 1/31/07), 949 So.2d 597, this court stated:

> Louisiana Code of Criminal Procedure Article 835 provides for the Defendant's presence when sentence is pronounced:
>
> > In felony cases the defendant shall always be present when sentence is pronounced. . . . If a sentence is improperly pronounced in the defendant's absence, he shall be resentenced when his presence is secured.

11

The imposition of restitution is considered a part of the defendant's sentence, for which the defendant must be present. *State v. Fortier*, 03-882 (La.App. 5 Cir. 11/25/03), 862 So.l2d 170. *See also State v. Boudreaux*, 98-1932 (La.App. 3 Cir. 6/16/99), 741 So.2d 860.

Accordingly, the Judgment of Restitution is vacated, and the matter is remanded to the trial court for restitution to be imposed as part of the defendant's sentence as contemplated by La.Code Crim.P. art. 883.2. *See, e.g., Thomas*, 924 So.2d 1146 and *Roberts*, _So.2d_.

## DECREE

For the foregoing reasons, the defendant's sentence is affirmed, but the Judgment of Restitution is vacated. The matter is remanded to the trial court for re-sentencing with regard to amounts owed for restitution, in accordance with this opinion.

**SENTENCE AFFIRMED. JUDGMENT OF RESTITUTION VACATED. REMANDED.**