NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-548

STATE OF LOUISIANA

VERSUS

JOSEPH A. GRANGER, JR.

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 3827-03
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Oswald A. Decuir, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.

SENTENCE AFFIRMED. MOTION TO WITHDRAW GRANTED.

John Foster DeRosier
District Attorney, Fourteenth Judicial District
Tara Hawkins
Karen C. McLellan
Assistant District Attorney
P. O. Box 3206
Lake Charles, LA 70602-3206
(337) 437-3400
Counsel for Appellee:
State of Louisiana

**Mark Owen Foster**
**Louisiana Appellate Project**
**P. O. Box 2057**
**Natchitoches, LA 71457**
**(318) 572-5693**
**Counsel for Defendant-Appellant:**
**Joseph A. Granger**

**Joseph A. Granger**
**Dixon Correctional Center**
**P. O. Box 788**
**Jackson, LA 70748**
**Pro Se**

**PICKETT, Judge.**

The defendant, Joseph A. Granger, was charged by bill of information under district docket number 4995-02 with theft by fraud over five hundred dollars, a violation of La.R.S. 14:67.

On December 12, 2005, the state amended the bill to include the victims in district court docket numbers 18743-02 and 17778-01.

Following amendment of the bill, the defendant entered a guilty plea to the charge. At the same proceeding, the defendant entered guilty pleas to five other charges. The trial court ordered a Presentence Investigation Report (PSI).

On March 14, 2008, the defendant was sentenced to six years at hard labor. At the same time, the trial court sentenced the defendant on the five other charges to six years at hard labor on each charge to run consecutively to each other.

On April 11, 2008, the defendant filed in the trial court a "Motion and Memorandum in Support of Motion to Amend or Modify Sentence or Alternatively Motion to Reconsider Sentence," which was denied by the trial court on April 14, 2008, without conducting a hearing.

On June 4, 2008, the trial court issued a civil judgment entitled "Judgment of Restitution," ordering the defendant to pay restitution to the victims.

The defendant appealed challenging his sentence. This court held in pertinent part:

> In his second assignment of error, the defendant asserts that the trial court erred in ordering that he pay restitution two months after a hard labor sentence was imposed. He contends that, pursuant to La.Code Crim.P. art. 916, the trial court no longer had jurisdiction to issue such a judgment. Secondly, the defendant argues that "restitution is generally limited by statute to probated sentences." Finally, he questions whether it was appropriate to impose restitution without a hearing being conducted.

At the sentencing hearing, the defendant's attorney acknowledged, without "objections or additions" the content of the presentence investigation report, including the amounts of restitution owed to the victims. The trial court stated at the sentencing hearing:

> I indicate to the State that they may seek or file a civil judgment in conformity with the pre-sentence investigation as to the respective victims and restitution less any credits that may have been received, Mrs. Wilson, for those respective amounts and they can remain in the civil records in the hopes of some time [sic] collecting those amounts.

After the defendant's Motion to Reconsider Sentence was denied, the defendant filed a motion for appeal. Said motion was granted on May 14, 2008. On June 4, 2008, without a hearing, the trial court issued a judgment, ordering that the specified amounts of restitution be paid to the eighteen victims listed therein.

Suspension of a defendant's sentence or placing a defendant on probation is not a prerequisite to imposing restitution. La.Code Crim.P. art. 883.2. At the time this offense was committed, La.Code Crim.P. art. 883.2 provided:

> In all cases in which the court *finds* an actual pecuniary loss to a victim, or in any case where the court finds that costs have been incurred by the victim in connection with a criminal prosecution, *the trial court shall order the defendant to provide restitution to the victim as a part of any sentence that the court shall impose.*

(Emphasis added).

Furthermore, La.Code Crim.P. art. 886(A) provides, in pertinent part:

> *In the event of nonpayment . . . of restitution to the victim, . . . within sixty days after the sentence was imposed, and if no appeal is pending*, the court which imposed the sentence may sign a judgment against the defendant in a sum equal to the fine or restitution plus judicial interest to begin sixty days after the sentence was imposed plus all costs of the criminal proceeding and subsequent proceedings necessary to enforce the judgment in either civil or criminal court, or both. Collection of the judgment may be enforced in either criminal or civil court, or both, in the same manner as a money judgment in a civil case.

(Emphasis added).

Louisiana Code of Criminal Procedure Article 916 also provides in pertinent part:

> The jurisdiction of the trial court is divested and that of the appellate court attaches upon the entering of the order of appeal. Thereafter, the trial court has no jurisdiction to take any action except as otherwise provided by law and to:
>
> > (1) Extend the return day of the appeal, the time for filing assignments of error, or the time for filing per curiam comments in accordance with Articles 844 and 919.
> >
> > (2) Correct an error or deficiency in the record.
> >
> > (3) Correct an illegal sentence or take other appropriate action pursuant to a properly made or filed motion to reconsider sentence.
> >
> > (4) Take all action concerning bail permitted by Title VIII.
> >
> > (5) Furnish per curiam comments.
> >
> > (6) Render an interlocutory order or a definitive judgment concerning a ministerial matter not in controversy on appeal.
> >
> > (7) Impose the penalty provided by Article 844.
> >
> > (8) Sentence the defendant pursuant to a conviction under the Habitual Offender Law as set forth in R.S. 15:529.1.

Thus, the trial court was divested of jurisdiction in this case at the time it entered the Judgment of Restitution. The judgment is therefore a nullity.

Also, in *State v. Roberts*, 08-1026 (La.App. 3 Cir. 3/4/09), 4 So.3d 1011, the trial court stated at sentencing that it was " 'also grant[ing] Mr. Gary Celestine a judgment in the amount of $28,556.71 against Mr. Roberts.' " *Id*. at 1016. The defendant appealed, arguing

that the trial court did not order restitution as part of his sentence pursuant to La.Code Crim.P. art. 883.2. This court, relying on La.Code Crim.P. art. 886, held:

> Rather than making restitution to the victim a part of the Defendant's sentence, the trial court ordered restitution in the form of a money judgment. The judgment was improper as Defendant had not been given sixty days to pay restitution. Accordingly, the judgment is vacated, and this matter is remanded for the imposition of restitution as part of Defendant's sentence as contemplated by La.Code Crim.P. art. 883.2.

*Id.* at 1016.

As in *Roberts*, the trial court improperly imposed restitution via a civil judgment, rather than as a part of the defendant's sentence pursuant to La.Code Crim.P. art. 883.2.

Further, the record does not indicate that the defendant was present when the Judgment of Restitution was issued. In *State v. Thomas*, 05-1051, p. 4 (La.App. 3 Cir. 3/1/06), 924 So.2d 1146, 1149, *abrogated on other grounds by State v. Stevens*, 06-818 (La.App. 3 Cir. 1/31/07), 949 So.2d 597, this court stated:

> Louisiana Code of Criminal Procedure Article 835 provides for the Defendant's presence when sentence is pronounced:
>
> > In felony cases the defendant shall always be present when sentence is pronounced. . . . If a sentence is improperly pronounced in the defendant's absence, he shall be resentenced when his presence is secured.
>
> The imposition of restitution is considered a part of the defendant's sentence, for which the defendant must be present. *State v. Fortier*, 03-882 (La.App. 5 Cir. 11/25/03), 862 So.2d 170. *See also State v. Boudreaux*, 98-1932 (La.App. 3 Cir. 6/16/99), 741 So.2d 860.

Accordingly, the Judgment of Restitution is vacated, and the matter is remanded to the trial court for restitution to be imposed as part of the defendant's sentence as contemplated by La.Code Crim.P. art. 883.2. *See, e.g.*, *Thomas*, 924 So.2d 1146 and *Roberts*, 4 So.3d 1011.

4

**DECREE**

For the foregoing reasons, the defendant's sentence is affirmed, but the Judgment of Restitution is vacated. The matter is remanded to the trial court for re-sentencing with regard to amounts owed for restitution, in accordance with this opinion.

*State v. Granger*, 08-1477, pp.8-12 (La.App. 3 Cir. 6/3/09), 11 So.3d 649, 655-57.

On remand, the trial court, while the defendant was present, imposed the following sentence:

So, therefore, the Court at this time now resentences Mr. Granger as was originally sentenced to six years on each count to be served consecutively; in addition to pay restitution as provided for in the presentence investigation as to all 18 victims and for the full amounts total and made known thereof for which the defendant and his counsel had information to review prior to the Court passing sentence.

The defendant's attorney did not object and did not file a motion to reconsider sentence.

Appellate counsel filed an *Anders* brief in this matter. In his brief to this court, the Defendant's attorney states in pertinent part:

In the original six appeals, the excessiveness of Mr. Granger's original sentences were [sic] addressed by this Honorable Court and are not an issue now. This Honorable Court also remanded to determine restitution. The only issue in the remand of the six cases was the trial court ordering restitution.

Mr. Granger filed no pre-sentence motions objecting to the remanded proceedings or the ordering of restitution. His trial counsel filed no objections during the re-sentencing proceedings. His trial counsel consented to the total amount of restitution. Mr. Granger filed no motion to reconsider the new sentences ordering restitution.

The issue of whether the trial court can order restitution was resolved by the prior rulings of this Honorable Court. There appears to be no basis for appealing the amounts of the restitution, considering no objection were [sic] made as to the restitution. Without a motion to reconsider his sentence, it can only be reviewed for being unconstitutionally excessive. The appellate court [sic] have long held that a sentence violates La. Const. Art. 1. Sec. 20 if it is grossly out of proportion to the seriousness of the offense or is nothing mor [sic]

5

than a purposeless and needless infliction of pain and suffering. *State v. Dorthey*, 623 So.2d 1276 (La. 1993); *State v. Bonanno*, 384 So.2d 355 (La. 1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. *State v. Hogan*, 480 So.2d 288 (La. 1985); *State v. Bradford*, 29,519 (La.App. 2d Cir. 4/2/97), 691 So.2d 864.

Considering the restitution ordered in the six cases appear [sic] to be the amounts lost by the victims, appellate counsel cannot argue that the restitution would shock society's or this Honorable Court's, sense of justice.

The only possible error patent appellate counsel found in the record was Mr. Granger's *pro se* motion for appeal was filed beyond the 30-day time limitation of La.C.Cr.P. Art. 914. The trial court's order granted him time to file a writ application, but orders it to be filed within the delays of La.C.Cr.P. Art. 915, an article relating to the time delays for lodging an appeal. (T. R., p. 64). In any event the state did not object, and at best, this should be considered an out-of-time appeal.

Consequently, this *Anders* appeal is limited to the reimposition of restitution.

Additionally, the Defendant filed a *pro se* brief assigning two errors.

**ERRORS PATENT**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find no errors patent.

**Anders** *Analysis*

Pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), the defendant's appellate counsel has filed a brief stating he could find no errors on appeal that would support reversal of the defendant's sentence. Thus, counsel seeks to withdraw.

In *State v. Benjamin*, 573 So.2d 528 (La.App. 4 Cir. 1990), the fourth circuit explained the *Anders* analysis:

6

When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

*Id*. at 531.

Pursuant to *Anders* and *Benjamin*, we have performed a thorough review of the resentencing proceeding. Our review of the resentencing proceeding has revealed no errors that would support an assignment of error on appeal.

**Pro Se** *Assignment of Error Number One*

The defendant challenges his six sentences as excessive; specifically, he challenges the trial court's imposition of consecutive sentences. This claim is repetitive, having been reviewed by this court in *Granger*, 11 So.3d 649. Moreover, the appeal is limited to the reimposition of restitution by the trial court. Accordingly, this assignment of error will not be considered.

**Pro Se** *Assignment of Error Number Two*

The defendant asserts the trial court erred in ordering restitution when it had sentenced him to hard labor. This claim is repetitive, having been reviewed by this court in *Granger*, 11 So.3d 649. Accordingly, this part of the assignment of error will not be considered.

The defendant complains that the record does not contain evidence that he consented to the order, or was provided notice or a hearing on the restitution payments. The record reflects that, upon remand, the trial court fixed this matter for hearing within the time prescribed by this court's order. An order was issued to transport the defendant, who was incarcerated, to the hearing. He was present in court with his attorney. His attorney acknowledged the amount owed in restitution as set forth in the PSI. The defendant made no objection at the hearing regarding timeliness of notice or to the court's ruling as to restitution. This assignment of error is without merit.

## CONCLUSION

The sentence imposed by the trial court is affirmed. Defense counsel's motion to withdraw is granted.


**SENTENCE AFFIRMED. MOTION TO WITHDRAW GRANTED.**